# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| JASON SHAVER, on behalf of herself and all others similarly situated, ) ) ) | |
| ) | Case No. |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | JURY DEMANDED |
| BUCHHEIT ENTERPRISES, INC., ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Buchheit Enterprises, Inc., by and through its undersigned attorneys, hereby removes this action from the Circuit Court of Morgan County, Illinois, to the United States District Court for the Central District of Illinois pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. In support of its Notice of Removal, Defendant states as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over this civil matter pursuant to 28 U.S.C. § 1332(d)(2). This action is removable pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453(b). This is a class action in which the size of the proposed class exceeds 100 members, there is diversity of citizenship between at least one member of the putative class of plaintiffs and the defendant, and the amount in controversy exceeds $5 million, exclusive of interest and costs.

2. Removal to this Court is proper because the U.S. District Court for the Central District of Illinois embraces the Circuit Court of Morgan County, Illinois, where Plaintiff filed this action. 28 U.S.C. §§ 93(b), 1441(a).

**PROCEDURAL HISTORY**

3.      On December 24, 2024, Plaintiff filed this putative class action in the Circuit Court of Morgan County, Illinois. (Complaint, Exhibit A, ECF No. 1-1.)

4.      On behalf of himself and a putative class, Plaintiff alleges claims against Defendant for alleged violations of the Illinois Genetic Information Privacy Act ("GIPA"), 410 ILCS 513/1 et seq.

5.      Plaintiff alleges that "as a precondition of employment" Defendant "requires its prospective employees to undergo a physical examination" during which it solicits "information regarding the manifestation of diseases and disorders in family members of the prospective employee" "without informing these persons of their right not to provide such information". (ECF No. 1-1 ¶¶ 18-22.)

6.      Plaintiff claims this alleged practice violates GIPA. (ECF No. 1-1.)

7.      Plaintiff defines the punitive class as:

> All individuals who applied for employment with the defendant in Illinois and from whom Defendant, or an agent acting on behalf of Defendant, requested and/or obtained family medical history or other genetic information within the applicable limitation period.

(ECF No. 1-1 ¶ 31.)

8.      Plaintiff claims the "number of persons within the Class is substantial, believed to amount to hundreds of persons". (ECF No. 1-1 ¶ 33.)

9.      Plaintiff claims Defendants actions were "knowing and reckless, or at least in reckless disregard of" GIPA. (ECF No. 1-1 ¶ 46.)

10.     On behalf of himself and the proposed class members, Plaintiff seeks "statutory damage of $15,000 for each reckless or intentional violation of GIPA pursuant to 410 ILCS

513/40(a)(2)" and "statutory damages of $2,500 for each negligent violation of GIPA pursuant to 410 ILCS 513/40(a)(1)". (ECF No. 1-1 ¶ 47.)

11. In accordance with 28 U.S.C. § 1446(a), copies of all process and pleadings served on Defendant are attached, as is the state court docket entries as of the date of removal. (ECF No. 1-1)(Summons, Exhibit B, ECF No. 1-2)(Plaintiff's Motion, Exhibit C, ECF No. 1-3)(State Court Docket, Exhibit D, ECF No. 1-4.)

## TIMELINESS

12. Pursuant to 28 U.S.C. § 1446(b)(1), Defendant files this Notice of Removal within thirty (30) days of service.

## GROUNDS FOR REMOVAL: CLASS ACTION FAIRNESS ACT

13. This Court has original jurisdiction over this matter under CAFA because:

   (a) the putative class includes more than 100 member,

   (b) there is minimal diversity of citizenship, and

   (c) the amount in controversy exceeds $5 million.

28 U.S.C. § 1332(d); *Roppo v. Travelers Com. Ins. Co.*, 869 F.3d 568, 578 (7th Cir. 2017).

## CLASS SIZE

14. CAFA requires that "the number of members of all proposed plaintiff classes in the aggregate" is 100 or greater. 28 U.S.C. §§ 1332(d)(2).

15. Plaintiff alleges that the Class will consist of "hundreds of persons". (ECF No. 1-1 ¶ 33.)

16. For purposes of removal only and without conceding that Plaintiff or the class is entitled to any relief, Defendant assumes Plaintiff's allegations regarding the size of his proposed

class are correct. *See Roppo*, 869 F.3d at 581 ("[Defendant] may rely on the estimate of the class number set forth in the complaint.").

17. Thus, the CAFA class size requirement is satisfied.

## MINIMAL DIVERSITY OF CITIZENSHIP

18. CAFA requires the existence of minimal diversity of citizenship, meaning that "any member of a class of plaintiff is a citizen of a State different from any defendant" or "any member of a class of plaintiffs is a citizen of a State and any defendant is a . . . citizen of a foreign state." 28 U.S.C. §§ 1332(d)(2)(A), 1332(d)(2)(C).

19. Plaintiff alleges that he is a resident and citizen of Illinois. (ECF No. 1-1, p. 3, ¶ 8.)

20. Defendant is incorporated in Missouri which its principal place of business in Missouri. Therefore, for diversity purposes, Defendant it is a citizen of Missouri. 28 U.S.C. § 1332(c)(1); (ECF No. 1-1, p. 4, ¶ 9.)

21. Since Plaintiff is a citizen of Illinois and Defendant is a citizen of Missouri, there is complete diversity of citizenship between Plaintiff and Defendant and the CAFA minimal-diversity requirement is satisfied. 28 U.S.C. § 1332(d)(2)(C).

## AMOUNT IN CONTROVERSY

22. CAFA requires that the aggregate amount put in controversy by the action, exclusive of interest and costs, "exceeds the sum or value of $5,000,000." 28 U.S.C. §§ 1332(d)(2), 1332(d)(6). For purposes of determining the amount in controversy, "the claims of the individual class members [are] aggregated." 28 U.S.C. § 1332(d)(6).

23. As the removing party, Defendant bears the burden of establishing that the amount in controversy requirement is satisfied. *Roppo*, 869 F.3d at 578. To do so, defendant need only plead that there is a "reasonable probability that the stakes exceed the minimum." *Brill v.*

*Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). This burden "is a pleading requirement, not a demand for proof." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011)(citation omitted). Thus, "[a] good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Id.*; *see also Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014)(defendant's good faith estimate of amount in controversy is sufficient for removal).

24.     Defendant denies the merits of Plaintiff's allegations and claim and denies that Plaintiff or the putative class are entitled to any monetary or other relief. Solely for purposes of CAFA jurisdiction, However, the amount in controversy exceeds $5 million.

25.     Plaintiff alleges "knowing and willful" or "reckless" violations of GIPA which carry statutory damages of $15,000 "per violation". (ECF No. 1-1 ¶¶ 46-47); 410 ILCS 513/40(a)(3).

26.     Based solely on the allegations in the Complaint (which Defendant denies), and assuming an aggregate class size of 334 (which is consistent with Plaintiff's allegations that there are "hundreds of persons" within the Class, [ECF No. 1-1 ¶ 33]), if each class member is entitled to recover $15,000 for each alleged GIPA violation, recovery may be greater than $5 million (*i.e.* 334 class members multiplied by $15,000 statutory damages multiplied by one violation equals $5,010,000)[1], *see Spivey v. Vertrue*, 528 F.3d 982, 986 (7th Cir. 2008)("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000, then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.") (internal citations omitted).

## NOTIFICATIONS

---

[1] Defendant includes this amount in controversy based solely on the allegations in the complaint and does not concede (1) the truth of the allegations, or (2) that the putative class is certifiable.

27. Defendant will promptly provide written notice to plaintiff, through counsel, of the removal in accordance with 28 U.S.C. § 1446(d).

28. Defendant will file a copy of their Notice of Removal with the Clerk of the Circuit Court of Morgan County, Illinois in accordance with 28 U.S.C. § 1446(d).

## NON-WAIVER

29. If this Honorable Court determines that the pleading and other documents today lack adequate information from which to ascertain the prerequisites to jurisdiction under CAFA, the removal clock will not have begun to run, and Defendant reserves the right to remove this action at the appropriate time. *See Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 821 (7th Cir. 2013).

30. Defendant reserves all defenses and objections it may have to this action, without conceding any allegations in the Complaint or that Plaintiff has pleaded claims upon which relief may be granted.

## CONCLUSION

For the foregoing reasons, this action is properly removed to this Court.

Respectfully submitted,

*/s/ Lee J. Karge*
Lee J. Karge, ARDC No. 6257929
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
7777 Bonhomme Ave., Suite 1900
St. Louis, MO 63105
314-930-2860 (Phone)
314-930-2861 (Fax)
Lee.karge@wilsonelser.com
***Attorneys for Defendant Buchheit Enterprises, Inc.***

## CERTIFICATE OF SERVICE

I certify that on February 12, 2025, I electronically filed the foregoing document which is available to view and download from the Court's CM/ECF system, that service on all counsel of record who are registered CM/ECF users will be accomplished by the CM/ECF system, and that a copy of the foregoing was served by electronic mail upon the following counsel of record:

Carl V. Malmstrom
Wolf Haldenstein Adler Freeman & Herz LLC
111 W. Jackson Blvd. Suite 1700
Chicago, IL 60604
312-391-5059 (O)
212-686-0114 (F)
malmstrom@whafh.com
*Local Counsel for Plaintiff & Putative Class*

Julie Holt
Hedin LLP
1395 Brickell Ave., Suite 610
Miami, FL 33131
305-357-2107 (O)
305-200-8801 (F)
jholt@hedinllp.com
*Counsel for Plaintiff & Putative Class*
*Pro Hac Vice Application Forthcoming*

/s/ *Lee J. Karge*

308289730v.1