3:25-cv-03043-SEM-EIL   # 1-1   Filed: 02/12/25   Page 1 of 12

E-FILED
Wednesday, 12 February, 2025 07:44:51 PM
Clerk, U.S. District Court, ILCD

FILED
12/24/2024 2:36 PM
JENNIFER BOWN
CLERK OF THE CIRCUIT COURT
MORGAN COUNTY, ILLINOIS

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
MORGAN COUNTY, ILLINOIS

| | |
|---|---|
| JASON SHAVER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BUCHHEIT ENTERPRISES, INC.,<br><br>Defendant. | Case No.:   2024LA39 |

## CLASS ACTION COMPLAINT

Plaintiff Jason Shaver ("Plaintiff") individually and on behalf of other similarly situated individuals, brings this Class Action Complaint against Defendant Buchheit Enterprises, Inc. ("Defendant" or "Buchheits") for its violations of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq.* ("GIPA"), and alleges as follows based on personal knowledge as to herself, and as to all other matters, upon information and belief, including an investigation conducted by Plaintiff's attorneys.

### INTRODUCTION

1.  This case is about Defendant illegally requesting and requiring the genetic information of prospective employees as a condition of employment and preemployment application, in violation of GIPA.

2.  Genetic information, including familial health history, is a uniquely private and sensitive form of personal information. This genetic information reveals a trove of intimate information about that person's health, family, and innate characteristics. In recognition of the private and sensitive nature of genetic information, the Illinois Legislature enacted GIPA to regulate the use, transfer, and retention of an individual's genetic information. GIPA bestows a

1

Exhibit A

right to privacy in one's genetic information and a right to prevent the solicitation of, collection, or disclosure of such information. In enacting GIPA, the Illinois Legislature recognized that "[d]espite existing laws, regulations, and professional standards which require or promote voluntary and confidential use of genetic testing information, many members of the public are deterred from seeking genetic testing because of fear that test results will be disclosed without consent in a manner not permitted by law or will be used in a discriminatory manner." *See* 410 ILCS 513/5(2).

3. It was precisely this risk of using genetic information in a discriminatory manner that led the Illinois Legislature to amend GIPA in 2008 to prohibit employers from requesting or requiring applicants to provide genetic information as a condition of employment, or otherwise use genetic information in its hiring decisions. Specifically, GIPA provides that an employer, employment agency, labor organization, or licensing agency shall not directly or indirectly do any of the following:

> (1) solicit, request, require or purchase genetic testing or genetic information of a person or family member of the person, or administer a genetic test to a person or a family member of the person as a condition of employment, preemployment application, labor organization membership, or licensure;
>
> (2) affect the terms, conditions, or privileges of employment, preemployment application, labor organization membership, or licensure, or terminate the employment, labor organization membership, or licensure of any person because of genetic testing or genetic information with respect to the employee or family member, or information about a request for or the receipt of genetic testing by such employee or family member of such employee;
>
> (3) limit, segregate, or classify employees in any way that would deprive or tend to deprive any employee of employment opportunities or otherwise adversely affect the status of the employee as an employee because of genetic testing or genetic information with respect to the employee or a family member, or information about a request for, or the receipt of genetic testing or genetic information by such employee or family member of such employee; and

> (4) retaliate through discharge or in any other manner against any person alleging a violation of this Act or participating in any manner in a proceeding under this Act.

410 ILCS 513/25(c).

4. GIPA defines "genetic information" as information pertaining to: (i) an individual's genetic tests; (ii) the genetic tests of family members of the individual; (iii) the manifestation of a disease or disorder in family members of such individual; or (iv) any request for, or receipt of, genetic services, or participation in clinical research which includes genetic services, by the individual or any family member of the individual. 410 ILCS 513/10, by reference to 45 C.F.R. § 160.103.

5. Despite GIPA's prohibition against soliciting family medical information concerning familial diseases and disorders, Defendant continues to request that its employees and prospective employees provide protected familial medical history, specifically information about disease or disorders in family members, as a condition of employment or preemployment application, in violation of GIPA.

6. In requiring prospective employees, such as Plaintiff, to disclose their family medical histories, Defendant has violated Plaintiff's and the other putative Class members' statutory right to genetic privacy.

7. On Plaintiff's own behalf, and on behalf of the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with GIPA, as well as an award of statutory damages under GIPA to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

8. At all relevant times, Plaintiff Shaver has been a resident and citizen of the state of Jacksonville, Illinois.

9.  Defendant Buchheits owns and operates Buchheit retail stores, Buchheit Logistics, Buchheit Metals, and Buchheit Agriculture. It is a corporation organized under the laws of the state of Missouri and is registered with the Illinois Secretary of State to transact business in Illinois. In Illinois, Defendant has operations in at least four locations: Centralia, Greenville, Jacksonville, and Sparta.

## JURISDICTION AND VENUE

10.  This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States because Defendant is doing business within this state, and because Plaintiff's claims arise out of Defendant's unlawful in-state actions, as Defendant directly or indirectly solicited, requested, required, or purchased genetic information of Plaintiff (who applied to Defendant's Jacksonville, Illinois location) and its job applicants as a condition of applicants' employment or preemployment application in Illinois.

11.  Venue is proper in Morgan County because Defendant is doing business in Morgan County and thus resides there under 735 ILCS § 5/2-102(a).

## FACTUAL BACKGROUND

### I. Illinois's Genetic Information Privacy Act

12.  The genomic revolution has ushered in significant advancements in biological sciences and medicine over recent decades. Modern genomic technologies now enable individuals to uncover genealogical information about themselves and their relatives, discover genetic predispositions to diseases before symptoms appear, and in some cases, prevent and treat such diseases proactively.

13. These benefits have been accompanied by a dramatic reduction in genetic testing costs. The expense of collecting and analyzing a complete individual human genome has plummeted from over $100 million in 2001 to under $1,000 in 2022.[1] However, with the increase in accessibility of genetic testing and genetic information came an increased risk that such information would be abused or used in a discriminatory manner.

14. To address these concerns, Illinois, in 1998, enacted the Genetic Information Privacy Act (GIPA), 410 ILCS513/1 *et seq.*, which regulates the use, receipt, transmission, and retention of individuals' genetic information. A decade later, acknowledging the risk that employers would use or had been using individuals' genetic information in discriminatory ways, GIPA was amended to include protections against such discrimination by employers. Specifically, GIPA now prohibits employers from directly or indirectly soliciting, requesting, requiring, or purchasing genetic testing or genetic information of an individual or their family members as a condition of employment, preemployment application, labor organization membership, or licensure.

15. GIPA defines an employer, in relevant part, as "every [] person employing employees within the state." 410 ILCS 513/10.

16. GIPA provides for statutory damages of $15,000 for each reckless or intentional violation of GIPA and, alternatively, damages of $2,500 for each negligent violation of GIPA. 410 ILCS 513/40(a)(3).

---

[1] https://www.genome.gov/about-genomics/fact-sheets/DNA-Sequencing-Costs-Data.

## II. Defendant violates GIPA

17. Defendant is an "employer" as defined by GIPA, as it currently employs, and has employed within the statutory period, people within the state of Illinois, specifically in at least Centralia, Greenville, Jacksonville, and Sparta.

18. As part of its hiring process, Defendant requires its prospective employees to undergo a physical examination.

19. Defendant's physical examinations include the solicitation of information regarding the manifestation of diseases and disorders in family members of the prospective employee.

20. Defendant devised, implemented, and executed this hiring policy for its locations and prospective employees in Illinois.

21. In addition to the above statutorily prohibited conduct, Defendant did not inform Plaintiff or the putative Class members of their right not to answer any questions regarding their genetic information.

22. Defendant thus violated GIPA by soliciting and obtaining Plaintiff's and the other Class members' genetic information as a precondition of employment or their preemployment application, without informing these persons of their right not to provide such information.

## III. Plaintiff Shaver's experience

23. In or around July 2021, Plaintiff Shaver applied for a job with Defendant to work at Defendant's store in Jacksonville, Illinois.

24. As part of the application and hiring process, and as a precondition of employment and the preemployment application, Defendant required Plaintiff to submit to a physical examination in Illinois.

25. During the examination, Defendant required Plaintiff to answer questions concerning her family medical history, specifically the manifestation of diseases or disorders in her family members. Such questions included whether Plaintiff's family members had a history of diabetes, heart disease, kidney disease and other medical conditions.

26. In response, Plaintiff disclosed her genetic information, including diseases and disorders with which her family members have been diagnosed.

27. Thus, Plaintiff's sensitive genetic information was requested by Defendant and obtained by Defendant as a condition of Plaintiff's employment.

28. Prior to Plaintiff providing her sensitive genetic information to Defendant, Plaintiff was not advised by Defendant or anyone else acting on behalf of Defendant, either verbally or in writing, of her right not to disclose the requested genetic information.

29. Plaintiff's disclosure of her genetic information to Defendant was not made in furtherance of a workplace wellness program.

30. By requiring Plaintiff to answer questions about her family medical history, Defendant directly or indirectly solicited, requested, purchased and/or required Plaintiff to disclose her genetic information in violation of GIPA.

## CLASS ACTION ALLEGATIONS

31. Plaintiff brings this action pursuant to 735 ILCS § 5/2-801 on behalf of herself and a class of similarly situated individuals, defined as follows (the "Class"):

> All individuals who applied for employment with Defendant in Illinois and from whom Defendant, or an agent acting on behalf of Defendant, requested and/or obtained family medical history or other genetic information within the applicable limitation period.

32. The following are excluded from the Class: (1) any Judge presiding over this action and members of his or her family; (2) Defendant, Defendant's subsidiaries, parents, successors,

predecessors, and any entity in which Defendant or its parent has a controlling interest (as well as current or former employees, officers and directors); (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

33.    **Numerosity**: Pursuant to 735 ILCS 5/2-801(1), the number of persons within the Class is substantial, believed to amount to hundreds of persons. It is, therefore, impractical to join each member of the Class as a named Plaintiff. Further, the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. Moreover, the Class is ascertainable and identifiable from Defendant's records.

34.    **Commonality and Predominance**: Pursuant to 735 ILCS 5/2-801(2), there are well-defined common questions of fact and law that exist as to all members of the Class and that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from Class member to Class member, and which may be determined without reference to the individual circumstances of any class member include, but are not limited to, the following:

(a) Whether Defendant's conduct is subject to GIPA;

(b) Whether Defendant directly or indirectly solicited Plaintiffs and the other Class members' genetic information as a condition of employment or their preemployment application in violation of 410 ILCS 513/25(c)(1);

(c) Whether Defendant's violations of GIPA were negligent, reckless, or intentional; and

(d) Whether Plaintiff and the Class are entitled to damages and injunctive relief.

35.  **Adequate Representation**: Pursuant to 735 ILCS 5/2-801(3), Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and her counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of such a Class. Neither Plaintiff nor her counsel has any interest adverse to, or in conflict with, the interests of the absent members of the Class. Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by members of the Class and will vigorously pursue those claims. If necessary, Plaintiff may seek leave of this Court to amend this Class Action Complaint to include additional Class representatives to represent the Class or additional claims as may be appropriate.

36.  **Superiority**: Pursuant to 735 ILCS 5/2-801(4), a class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compel compliance with GIPA.

**CAUSE OF ACTION**
**Violation of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq.***

**(On behalf of Plaintiff and the Class)**

37. Plaintiff fully incorporates all paragraphs above.

38. Defendant is an employer under 410 ILCS 513/10 in that it employs individuals within the state of Illinois.

39. GIPA defines "genetic information" by reference to HIPAA as specified in 45 C.F.R. § 160.103 to include the manifestation of a disease or disorder in family members of an individual.

40. Under GIPA, an employer shall not directly or indirectly solicit, request, require or purchase genetic information of a person or a family member of the person as a condition of employment or as part of any preemployment application. 410 ILCS 513/25(c)(1).

41. As a precondition of their employment with Defendant, Plaintiff and the members of the Class were required to undergo physical exams, wherein Defendant required them to answer questions regarding their family medical history, i.e. the manifestation of a disease or disorder in family members. In doing so, Defendant directly or indirectly solicited, requested, and required Plaintiff and the members of the Class to disclose their genetic information.

42. Plaintiff and the Class members also provided accompanying personal identifying information, including their full names, home addresses, date of birth, Social Security information and gender, to Defendant as part of their employment applications and during the physical exams they underwent.

43. The information obtained from Plaintiff and the members of Class by Defendant, as described above, is protected by GIPA. 410 ILCS 513/1.

44. Prior to obtaining Plaintiff's and Class members' family medical histories and genetic information, Defendant failed to advise Plaintiff and the other Class members, either

verbally or in writing, of their statutorily protected right under GIPA not to provide their family medical history or genetic information.

45. Plaintiff and the other Class members have been aggrieved by Defendant's above violations of their statutorily protected rights to privacy in their genetic information as set forth in GIPA.

46. Defendant's violations were knowing and willful, or at least in reckless disregard of the statutory requirements, as the relevant part of the statute has been in effect since 2009 and because, on information and belief, Defendant maintains a legal department that routinely performs compliance audits (including those required pursuant to applicable regulations in its industry) and is well equipped to identify applicable laws such as GIPA and to implement measures for compliance. Alternatively, Defendant's violations were negligent.

47. On behalf of herself and the proposed members of the Class, Plaintiff seeks: (1) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with GIPA's requirements; (2) statutory damages of $15,000 for each reckless or intentional violation of GIPA pursuant to 410 ILCS 513/40(a)(2); (3) statutory damages of $2,500 for each negligent violation of GIPA pursuant to 410 ILCS 513/40(a)(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 410 ILCS 513/40(a)(3).

## PRAYER FOR RELIEF

48. WHEREFORE, Plaintiff Shaver, individually and on behalf of the proposed Class, respectfully requests that this Court enter an Order:

  A. Certifying the Class as defined above, appointing Plaintiff as class representative, and appointing Plaintiff's counsel as class counsel;

  B. Declaring that Defendant's actions, as set forth herein, violate GIPA;

C. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with GIPA;

D. Awarding statutory damages of $15,000 for each reckless or intentional violation of GIPA, or alternatively, $2,500 for each negligent. Violation of GIPA;

E. Awarding reasonable attorneys' fees, costs, and other litigation expenses;

F. Awarding pre- and post-judgment interest, as allowable by law; and

G. Such further and other relief the Court deems reasonable and just.

## JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

Date: December 24, 2024                    s/   *Carl V. Malmstrom*

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC**
ARDC No. 6295219
Carl V. Malmstrom
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Tel: (312) 391-5059
Fax: (212) 686-0114
malmstrom@whafh.com

*Local Counsel for Plaintiff and the Putative Class*

**HEDIN LLP**
Julie Holt*
1395 Brickell Avenue, Ste 610
Miami, Florida 33131
Tel: (305) 357-2107
Fax: (305) 200-8801
E-mail: jholt@hedinllp.com

*Pro Hac Vice Application Forthcoming*

*Counsel for Plaintiff and the Putative Class*