3:25-cv-03043-SEM-EIL    # 1-3    Filed: 02/12/25    Page 1 of 5

E-FILED
Wednesday, 12 February, 2025 07:44:51 PM
Clerk, U.S. District Court, ILCD

FILED
1/3/2025 12:32 PM
JERRI HANDY-EWA
CLERK OF THE CIRCUIT COURT
MORGAN COUNTY, ILLINOIS

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
MORGAN COUNTY, ILLINOIS

| | |
|---|---|
| JASON SHAVER, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>BUCHHEIT ENTERPRISES, INC.,<br><br>    Defendant. | Case No.: 2024LA39 |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION[1]

Plaintiff Jason Shaver, individually and on behalf of all others similarly situated, by and through his undersigned attorney, respectfully moves this Court, pursuant to 735 ILCS 5/2-801 *et seq.*, for an Order certifying this litigation as a class action on behalf of the following class (sometimes collectively referred to as the "Class"):

> All individuals who applied for employment with Defendant in Illinois and from whom Defendant, or an agent acting on behalf of Defendant, requested and/or obtained family medical history or other genetic information within the applicable limitation period.

Plaintiff hereby reserves the right to amend the definition of the Class if discovery or further investigation reveals that the Class should be expanded or otherwise modified.

Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as would be

---

[1] Plaintiff requests that the Court delay its ruling on this motion until the parties have had an opportunity to complete the discovery process and fully brief this issue. Plaintiff is filing this motion in light of the Illinois Supreme Court's opinion in *Ballard RN Ctr., Inc. v. Kohll's Pharm. & Homecare, Inc.*, 2015 IL 118644 (Ill. 2015). In *Ballard RN Ctr.*, the Illinois Supreme Court found that a motion for class certification which "identified [the] defendant, the applicable date or dates, and the general outline of plaintiff's class action allegations" was sufficient to overcome mootness efforts by Defendant to defeat the case in question. *Id.* at **19.

Exhibit C

used to prove those elements in individual actions alleging the same claims.

In support of his motion,[2] Plaintiff states as follows:

1.  **Introduction.** This is a class action lawsuit through which Plaintiff, individually and on behalf of the Classes described herein, seeks damages from Defendant for Defendant's Data Breach in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, as well as common law negligence, breach of implied contract, and unjust enrichment.

2.  This case satisfies all of the elements of 735 ILCS 5/2-801 *et seq*. Illinois state law requires numerosity, commonality, adequacy, and appropriateness of representation. As discussed below, each of these requirements is satisfied:

3.  **Numerosity** – 735 ILCS 5/2-801(1). The numerosity requirement is satisfied where "joinder of all members is impracticable." "Although there is no magic number of class members for numerosity purposes, case law indicates that when a class numbers at least 40, joinder will be considered impracticable." *Hernandez v. Gatto Indus. Platers*, 2009 U.S. Dist. LEXIS 36023 at *6 (N.D. Ill. Apr. 28, 2009).[3] Here, the total number of class members is believed to be 47,877. Compl. ¶ 73.

---

[2] Upon presentment of this Motion for Class Certification to the Court, Plaintiff will request a briefing schedule that will include, among other things, a deadline by which to file her opening memorandum of law in support thereof after sufficient discovery has been allowed. In *Ballard RN Ctr.*, the Illinois Supreme Court stated that "when additional discovery or further development of the factual basis is necessary. . .those matters will be left to the discretion of the trial court." *Id.* at **24.

[3] "Section 2-801 of the Code, which is patterned after Rule 23 of the Federal Rules of Civil Procedure, sets forth the prerequisites needed to maintain a Class action. Given the relationship between these two provisions, federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois." *Uesco Indus. v. Poolman of Wis.*, Inc., 2013 IL App (1st) 112566 at P45 (Ill. App. Ct. 1st Dist. 2013) (internal quotation marks and citations omitted).

3.   **Commonality** – 735 ILCS 5/2-801(2). The commonality requirement is satisfied where "common questions [of law or fact] predominate over any questions affecting only individual members." "To satisfy this predominance requirement, a plaintiff must necessarily show that successful adjudication of the class representative's individual claim will establish a right of recovery in other class members. A favorable judgment for the class should decisively resolve the whole controversy, and all that should remain is for other class members to file proof of their claim. *Mashal v. City of Chicago*, 2012 IL 112341 at P33 (Ill. 2012) (Internal quotation marks and citations omitted).

As alleged in the Complaint, the Defendant engaged in a common course of conduct that was nearly identical for every putative member of the Class, namely individuals whose Sensitive Personal Information was inadequately protected by Defendant.

In this case, the common questions of law or fact include, among others:

(a) Whether Defendant's conduct is subject to GIPA;

(b) Whether Defendant directly or indirectly solicited Plaintiffs and the other Class members' genetic information as a condition of employment or their preemployment application in violation of 410 ILCS 513/25(c)(l);

(c) Whether Defendant's violations of GIPA were negligent, reckless, or intentional; and

(d) Whether Plaintiff and the Class are entitled to damages and injunctive relief.

Based on the nature of Defendant's conduct which Defendant uniformly applied to the Plaintiff and all members of the alleged class, commonality is easily established here. "It is proper to allow a class action where a defendant is alleged to have acted wrongfully in the same basic manner towards an entire class." *P.J.'s Concrete Pumping Serv. v. Nextel W. Corp.*, 345 Ill. App. 3d 992, 1003 (Ill. App. Ct. 2d Dist. 2004) (citation omitted).

4.   **Adequacy** – 735 ILCS 5/2-801(3). The adequacy requirement is satisfied where the "representative parties will fairly and adequately protect the interest of the class."

3

> The purpose of the adequate representation requirement is to ensure that all class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim. The test to determine the adequacy of representation is whether the interests of those who are parties are the same as those who are not joined.

*P.J.'s Concrete Pumping Serv.* 345 Ill. App. 3d at 1004 (citations omitted).

Here, Plaintiff has no interests antagonistic to the interests of absent class members, and Plaintiff has retained counsel that is qualified, experienced, and generally able to conduct the proposed litigation. Compl. ¶ 76.

5.  **Appropriateness** – 735 ILCS 5/2-801(4). The appropriateness requirement is satisfied where the "class action is an appropriate method for the fair and efficient adjudication of the controversy." Further,

> In deciding whether the fourth requirement for class certification is met, a court considers whether a class action can best secure economies of time, effort, and expense or accomplish the other ends of equity and justice that class actions seek to obtain. Where the first three requirements for class certification have been satisfied, the fourth requirement may be considered fulfilled. Also, class actions are often the last barricade of consumer protection. Consumer class actions provide restitution to the injured and deterrence to the wrongdoer, thus attaining the ends of equity and justice.

*Walczak v. Onyx Acceptance Corp.*, 365 Ill. App. 3d 664, 679 (Ill. App. Ct. 2d Dist. 2006) (citations omitted)

Here, where there are thousands of potential consumer class members, each seeking small recoveries pursuant to claims that cannot be efficiently litigated separately, a class action is clearly the appropriate vehicle to litigate this action in order to secure economies of time, effort and expense for both the Court and the parties. Compl. ¶ 77.

**WHEREFORE**, Plaintiff respectfully requests that this Court, after allowing the parties an opportunity to complete the discovery process and fully brief the issues raised by this motion, enter an Order: (1) certifying this case as a class action pursuant to 735 ILCS 5/2-801 *et seq.*, (2)

appointing Plaintiff as representative of the Class; and (3) appointing Plaintiff's attorneys as Class Counsel.

Dated: January 3, 2025

Respectfully submitted,

/s/   Carl V. Malmstrom
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC**
Attorney No. 38819
Carl V. Malmstrom
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Tel: (312) 984-0000
Fax: (212) 686-0114
malmstrom@whafh.com

*Local Counsel for Plaintiff and the Putative Class*

Julie Holt*
**HEDIN LLP**
1395 Brickell Avenue, Ste 610
Miami, Florida 33131
Tel: (305) 357-2107
Fax: (305) 200-8801
E-mail: jholt@hedinllp.com

*Pro Hac Vice Application Forthcoming

*Counsel for Plaintiff and the Putative Class*