### IN THE UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JASON SHAVER, on behalf of herself and all others similarly situated, | ) ) | |
| | ) | Case No. |
| Plaintiff, | ) ) | |
| v. | ) ) | JURY DEMANDED |
| BUCHHEIT ENTERPRISES, INC., | ) ) | |
| Defendant. | ) | |

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Buchheit Enterprises, Inc., by and through its undersigned attorneys, hereby removes this action from the Circuit Court of Morgan County, Illinois, to the United States District Court for the Central District of Illinois pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. In support of its Notice of Removal, Defendant states as follows:

### JURISDICTION AND VENUE

1.      This Court has original jurisdiction over this civil matter pursuant to 28 U.S.C. § 1332(d)(2). This action is removable pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453(b). This is a class action in which the size of the proposed class exceeds 100 members, there is diversity of citizenship between at least one member of the putative class of plaintiffs and the defendant, and the amount in controversy exceeds $5 million, exclusive of interest and costs.

2.      Removal to this Court is proper because the U.S. District Court for the Central District of Illinois embraces the Circuit Court of Morgan County, Illinois, where Plaintiff filed this action. 28 U.S.C. §§ 93(b), 1441(a).

1

Exhibit 1

**PROCEDURAL HISTORY**

3.      On December 24, 2024, Plaintiff filed this putative class action in the Circuit Court of Morgan County, Illinois. (Complaint, Exhibit A, ECF No. 1-1.)

4.      On behalf of himself and a putative class, Plaintiff alleges claims against Defendant for alleged violations of the Illinois Genetic Information Privacy Act ("GIPA"), 410 ILCS 513/1 et seq.

5.      Plaintiff alleges that "as a precondition of employment" Defendant "requires its prospective employees to undergo a physical examination" during which it solicits "information regarding the manifestation of diseases and disorders in family members of the prospective employee" "without informing these persons of their right not to provide such information". (ECF No. 1-1 ¶¶ 18-22.)

6.      Plaintiff claims this alleged practice violates GIPA. (ECF No. 1-1.)

7.      Plaintiff defines the punitive class as:

> All individuals who applied for employment with the defendant in Illinois and from whom Defendant, or an agent acting on behalf of Defendant, requested and/or obtained family medical history or other genetic information within the applicable limitation period.

(ECF No. 1-1 ¶ 31.)

8.      Plaintiff claims the "number of persons within the Class is substantial, believed to amount to hundreds of persons". (ECF No. 1-1 ¶ 33.)

9.      Plaintiff claims Defendants actions were "knowing and reckless, or at least in reckless disregard of" GIPA. (ECF No. 1-1 ¶ 46.)

10.     On behalf of himself and the proposed class members, Plaintiff seeks "statutory damage of $15,000 for each reckless or intentional violation of GIPA pursuant to 410 ILCS

2

513/40(a)(2)" and "statutory damages of $2,500 for each negligent violation of GIPA pursuant to 410 ILCS 513/40(a)(1)". (ECF No. 1-1 ¶ 47.)

11.    In accordance with 28 U.S.C. § 1446(a), copies of all process and pleadings served on Defendant are attached, as is the state court docket entries as of the date of removal. (ECF No. 1-1)(Summons, Exhibit B, ECF No. 1-2)(Plaintiff's Motion, Exhibit C, ECF No. 1-3)(State Court Docket, Exhibit D, ECF No. 1-4.)

## TIMELINESS

12.    Pursuant to 28 U.S.C. § 1446(b)(1), Defendant files this Notice of Removal within thirty (30) days of service.

## GROUNDS FOR REMOVAL: CLASS ACTION FAIRNESS ACT

13.    This Court has original jurisdiction over this matter under CAFA because:

    (a)    the putative class includes more than 100 member,

    (b)    there is minimal diversity of citizenship, and

    (c)    the amount in controversy exceeds $5 million.

28 U.S.C. § 1332(d); *Roppo v. Travelers Com. Ins. Co.*, 869 F.3d 568, 578 (7th Cir. 2017).

## CLASS SIZE

14.    CAFA requires that "the number of members of all proposed plaintiff classes in the aggregate" is 100 or greater. 28 U.S.C. §§ 1332(d)(2).

15.    Plaintiff alleges that the Class will consist of "hundreds of persons". (ECF No. 1-1 ¶ 33.)

16.    For purposes of removal only and without conceding that Plaintiff or the class is entitled to any relief, Defendant assumes Plaintiff's allegations regarding the size of his proposed

class are correct. *See Roppo*, 869 F.3d at 581 ("[Defendant] may rely on the estimate of the class number set forth in the complaint.").

17.    Thus, the CAFA class size requirement is satisfied.

## MINIMAL DIVERSITY OF CITIZENSHIP

18.    CAFA requires the existence of minimal diversity of citizenship, meaning that "any member of a class of plaintiff is a citizen of a State different from any defendant" or "any member of a class of plaintiffs is a citizen of a State and any defendant is a . . . citizen of a foreign state." 28 U.S.C. §§ 1332(d)(2)(A), 1332(d)(2)(C).

19.    Plaintiff alleges that he is a resident and citizen of Illinois. (ECF No. 1-1, p. 3, ¶ 8.)

20.    Defendant is incorporated in Missouri which its principal place of business in Missouri. Therefore, for diversity purposes, Defendant it is a citizen of Missouri. 28 U.S.C. § 1332(c)(1); (ECF No. 1-1, p. 4, ¶ 9.)

21.    Since Plaintiff is a citizen of Illinois and Defendant is a citizen of Missouri, there is complete diversity of citizenship between Plaintiff and Defendant and the CAFA minimal-diversity requirement is satisfied. 28 U.S.C. § 1332(d)(2)(C).

## AMOUNT IN CONTROVERSY

22.    CAFA requires that the aggregate amount put in controversy by the action, exclusive of interest and costs, "exceeds the sum or value of $5,000,000." 28 U.S.C. §§ 1332(d)(2), 1332(d)(6). For purposes of determining the amount in controversy, "the claims of the individual class members [are] aggregated." 28 U.S.C. § 1332(d)(6).

23.    As the removing party, Defendant bears the burden of establishing that the amount in controversy requirement is satisfied. *Roppo*, 869 F.3d at 578. To do so, defendant need only plead that there is a "reasonable probability that the stakes exceed the minimum." *Brill v.*

4

*Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7ᵗʰ Cir. 2005). This burden "is a pleading requirement, not a demand for proof." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7ᵗʰ Cir. 2011)(citation omitted). Thus, "[a] good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Id.*; *see also Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014)(defendant's good faith estimate of amount in controversy is sufficient for removal).

24.    Defendant denies the merits of Plaintiff's allegations and claim and denies that Plaintiff or the putative class are entitled to any monetary or other relief. Solely for purposes of CAFA jurisdiction, However, the amount in controversy exceeds $5 million.

25.    Plaintiff alleges "knowing and willful" or "reckless" violations of GIPA which carry statutory damages of $15,000 "per violation". (ECF No. 1-1 ¶¶ 46-47); 410 ILCS 513/40(a)(3).

26.    Based solely on the allegations in the Complaint (which Defendant denies), and assuming an aggregate class size of 334 (which is consistent with Plaintiff's allegations that there are "hundreds of persons" within the Class, [ECF No. 1-1 ¶ 33]), if each class member is entitled to recover $15,000 for each alleged GIPA violation, recovery may be greater than $5 million (*i.e.* 334 class members multiplied by $15,000 statutory damages multiplied by one violation equals $5,010,000)[1], *see Spivey v. Vertrue*, 528 F.3d 982, 986 (7ᵗʰ Cir. 2008)("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000, then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.") (internal citations omitted).

## NOTIFICATIONS

---

[1] Defendant includes this amount in controversy based solely on the allegations in the complaint and does not concede (1) the truth of the allegations, or (2) that the putative class is certifiable.

5

27.     Defendant will promptly provide written notice to plaintiff, through counsel, of the removal in accordance with 28 U.S.C. § 1446(d).

28.     Defendant will file a copy of their Notice of Removal with the Clerk of the Circuit Court of Morgan County, Illinois in accordance with 28 U.S.C. § 1446(d).

## NON-WAIVER

29.     If this Honorable Court determines that the pleading and other documents today lack adequate information from which to ascertain the prerequisites to jurisdiction under CAFA, the removal clock will not have begun to run, and Defendant reserves the right to remove this action at the appropriate time. *See Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 821 (7th Cir. 2013).

30.     Defendant reserves all defenses and objections it may have to this action, without conceding any allegations in the Complaint or that Plaintiff has pleaded claims upon which relief may be granted.

## CONCLUSION

For the foregoing reasons, this action is properly removed to this Court.

Respectfully submitted,

*/s/ Lee J. Karge*
Lee J. Karge, ARDC No. 6257929
**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP**
7777 Bonhomme Ave., Suite 1900
St. Louis, MO 63105
314-930-2860 (Phone)
314-930-2861 (Fax)
Lee.karge@wilsonelser.com
***Attorneys for Defendant Buchheit Enterprises, Inc.***

6

### CERTIFICATE OF SERVICE

I certify that on February 12, 2025, I electronically filed the foregoing document which is available to view and download from the Court's CM/ECF system, that service on all counsel of record who are registered CM/ECF users will be accomplished by the CM/ECF system, and that a copy of the foregoing was served by electronic mail upon the following counsel of record:

Carl V. Malmstrom
Wolf Haldenstein Adler Freeman & Herz LLC
111 W. Jackson Blvd. Suite 1700
Chicago, IL 60604
312-391-5059 (O)
212-686-0114 (F)
malmstrom@whafh.com
*Local Counsel for Plaintiff & Putative Class*

Julie Holt
Hedin LLP
1395 Brickell Ave., Suite 610
Miami, FL 33131
305-357-2107 (O)
305-200-8801 (F)
jholt@hedinllp.com
*Counsel for Plaintiff & Putative Class*
*Pro Hac Vice Application Forthcoming*

/s/ *Lee J. Karge*

308289730v.1

E-FILED
Wednesday, 12 February, 2025 07:44:51 PM
CLERK OF THE U.S. DISTRICT COURT, ILCD

FILED
12/24/2024 2:36 PM
CLERK OF THE CIRCUIT COURT
MORGAN COUNTY, ILLINOIS

# IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
## MORGAN COUNTY, ILLINOIS

|  |  |
|---|---|
| JASON SHAVER, on behalf of herself and all others similarly situated, | Case No.:     **2024LA39** |
| Plaintiff, | |
| v. | |
| BUCHHEIT ENTERPRISES, INC., | |
| Defendant. | |

## CLASS ACTION COMPLAINT

Plaintiff Jason Shaver ("Plaintiff") individually and on behalf of other similarly situated individuals, brings this Class Action Complaint against Defendant Buchheit Enterprises, Inc. ("Defendant" or "Buchheits") for its violations of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq.* ("GIPA"), and alleges as follows based on personal knowledge as to herself, and as to all other matters, upon information and belief, including an investigation conducted by Plaintiff's attorneys.

## INTRODUCTION

1.     This case is about Defendant illegally requesting and requiring the genetic information of prospective employees as a condition of employment and preemployment application, in violation of GIPA.

2.     Genetic information, including familial health history, is a uniquely private and sensitive form of personal information. This genetic information reveals a trove of intimate information about that person's health, family, and innate characteristics. In recognition of the private and sensitive nature of genetic information, the Illinois Legislature enacted GIPA to regulate the use, transfer, and retention of an individual's genetic information. GIPA bestows a

1

Exhibit A

right to privacy in one's genetic information and a right to prevent the solicitation of, collection, or disclosure of such information. In enacting GIPA, the Illinois Legislature recognized that "[d]espite existing laws, regulations, and professional standards which require or promote voluntary and confidential use of genetic testing information, many members of the public are deterred from seeking genetic testing because of fear that test results will be disclosed without consent in a manner not permitted by law or will be used in a discriminatory manner." *See* 410 ILCS 513/5(2).

     3.     It was precisely this risk of using genetic information in a discriminatory manner that led the Illinois Legislature to amend GIPA in 2008 to prohibit employers from requesting or requiring applicants to provide genetic information as a condition of employment, or otherwise use genetic information in its hiring decisions. Specifically, GIPA provides that an employer, employment agency, labor organization, or licensing agency shall not directly or indirectly do any of the following:

> (1) solicit, request, require or purchase genetic testing or genetic information of a person or family member of the person, or administer a genetic test to a person or a family member of the person as a condition of employment, preemployment application, labor organization membership, or licensure;
>
> (2) affect the terms, conditions, or privileges of employment, preemployment application, labor organization membership, or licensure, or terminate the employment, labor organization membership, or licensure of any person because of genetic testing or genetic information with respect to the employee or family member, or information about a request for or the receipt of genetic testing by such employee or family member of such employee;
>
> (3) limit, segregate, or classify employees in any way that would deprive or tend to deprive any employee of employment opportunities or otherwise adversely affect the status of the employee as an employee because of genetic testing or genetic information with respect to the employee or a family member, or information about a request for, or the receipt of genetic testing or genetic information by such employee or family member of such employee; and

(4) retaliate through discharge or in any other manner against any person alleging a
violation of this Act or participating in any manner in a proceeding under this Act.

410 ILCS 513/25(c).

4.     GIPA defines "genetic information" as information pertaining to: (i) an individual's
genetic tests; (ii) the genetic tests of family members of the individual; (iii) the manifestation of a
disease or disorder in family members of such individual; or (iv) any request for, or receipt of,
genetic services, or participation in clinical research which includes genetic services, by the
individual or any family member of the individual. 410 ILCS 513/10, by reference to 45 C.F.R.
§ 160.103.

5.     Despite GIPA's prohibition against soliciting family medical information
concerning familial diseases and disorders, Defendant continues to request that its employees and
prospective employees provide protected familial medical history, specifically information about
disease or disorders in family members, as a condition of employment or preemployment
application, in violation of GIPA.

6.     In requiring prospective employees, such as Plaintiff, to disclose their family
medical histories, Defendant has violated Plaintiff's and the other putative Class members'
statutory right to genetic privacy.

7.     On Plaintiff's own behalf, and on behalf of the proposed Class defined below,
Plaintiff seeks an injunction requiring Defendant to comply with GIPA, as well as an award of
statutory damages under GIPA to the Class members, together with costs and reasonable attorneys'
fees.

## PARTIES

8.     At all relevant times, Plaintiff Shaver has been a resident and citizen of the state of
Jacksonville, Illinois.

3

9.      Defendant Buchheits owns and operates Buchheit retail stores, Buchheit Logistics, Buchheit Metals, and Buchheit Agriculture. It is a corporation organized under the laws of the state of Missouri and is registered with the Illinois Secretary of State to transact business in Illinois. In Illinois, Defendant has operations in at least four locations: Centralia, Greenville, Jacksonville, and Sparta.

## JURISDICTION AND VENUE

10.     This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States because Defendant is doing business within this state, and because Plaintiff's claims arise out of Defendant's unlawful in-state actions, as Defendant directly or indirectly solicited, requested, required, or purchased genetic information of Plaintiff (who applied to Defendant's Jacksonville, Illinois location) and its job applicants as a condition of applicants' employment or preemployment application in Illinois.

11.     Venue is proper in Morgan County because Defendant is doing business in Morgan County and thus resides there under 735 ILCS § 5/2-102(a).

## FACTUAL BACKGROUND

## I.      Illinois's Genetic Information Privacy Act

12.     The genomic revolution has ushered in significant advancements in biological sciences and medicine over recent decades. Modern genomic technologies now enable individuals to uncover genealogical information about themselves and their relatives, discover genetic predispositions to diseases before symptoms appear, and in some cases, prevent and treat such diseases proactively.

4

13.     These benefits have been accompanied by a dramatic reduction in genetic testing costs. The expense of collecting and analyzing a complete individual human genome has plummeted from over $100 million in 2001 to under $1,000 in 2022.[1] However, with the increase in accessibility of genetic testing and genetic information came an increased risk that such information would be abused or used in a discriminatory manner.

14.     To address these concerns, Illinois, in 1998, enacted the Genetic Information Privacy Act (GIPA), 410 ILCS513/1 *et seq.*, which regulates the use, receipt, transmission, and retention of individuals' genetic information. A decade later, acknowledging the risk that employers would use or had been using individuals' genetic information in discriminatory ways, GIPA was amended to include protections against such discrimination by employers. Specifically, GIPA now prohibits employers from directly or indirectly soliciting, requesting, requiring, or purchasing genetic testing or genetic information of an individual or their family members as a condition of employment, preemployment application, labor organization membership, or licensure.

15.     GIPA defines an employer, in relevant part, as "every [] person employing employees within the state." 410 ILCS 513/10.

16.     GIPA provides for statutory damages of $15,000 for each reckless or intentional violation of GIPA and, alternatively, damages of $2,500 for each negligent violation of GIPA. 410 ILCS 513/40(a)(3).

---

[1] https://www.genome.gov/about-genomics/fact-sheets/DNA-Sequencing-Costs-Data.

5

**II. Defendant violates GIPA**

17.     Defendant is an "employer" as defined by GIPA, as it currently employs, and has employed within the statutory period, people within the state of Illinois, specifically in at least Centralia, Greenville, Jacksonville, and Sparta.

18.     As part of its hiring process, Defendant requires its prospective employees to undergo a physical examination.

19.     Defendant's physical examinations include the solicitation of information regarding the manifestation of diseases and disorders in family members of the prospective employee.

20.     Defendant devised, implemented, and executed this hiring policy for its locations and prospective employees in Illinois.

21.     In addition to the above statutorily prohibited conduct, Defendant did not inform Plaintiff or the putative Class members of their right not to answer any questions regarding their genetic information.

22.     Defendant thus violated GIPA by soliciting and obtaining Plaintiff's and the other Class members' genetic information as a precondition of employment or their preemployment application, without informing these persons of their right not to provide such information.

**III. Plaintiff Shaver's experience**

23.     In or around July 2021, Plaintiff Shaver applied for a job with Defendant to work at Defendant's store in Jacksonville, Illinois.

24.     As part of the application and hiring process, and as a precondition of employment and the preemployment application, Defendant required Plaintiff to submit to a physical examination in Illinois.

6

25.     During the examination, Defendant required Plaintiff to answer questions concerning her family medical history, specifically the manifestation of diseases or disorders in her family members. Such questions included whether Plaintiff's family members had a history of diabetes, heart disease, kidney disease and other medical conditions.

26.     In response, Plaintiff disclosed her genetic information, including diseases and disorders with which her family members have been diagnosed.

27.     Thus, Plaintiff's sensitive genetic information was requested by Defendant and obtained by Defendant as a condition of Plaintiff's employment.

28.     Prior to Plaintiff providing her sensitive genetic information to Defendant, Plaintiff was not advised by Defendant or anyone else acting on behalf of Defendant, either verbally or in writing, of her right not to disclose the requested genetic information.

29.     Plaintiff's disclosure of her genetic information to Defendant was not made in furtherance of a workplace wellness program.

30.     By requiring Plaintiff to answer questions about her family medical history, Defendant directly or indirectly solicited, requested, purchased and/or required Plaintiff to disclose her genetic information in violation of GIPA.

## CLASS ACTION ALLEGATIONS

31.     Plaintiff brings this action pursuant to 735 ILCS § 5/2-801 on behalf of herself and a class of similarly situated individuals, defined as follows (the "Class"):

> All individuals who applied for employment with Defendant in Illinois and from whom Defendant, or an agent acting on behalf of Defendant, requested and/or obtained family medical history or other genetic information within the applicable limitation period.

32.     The following are excluded from the Class: (1) any Judge presiding over this action and members of his or her family; (2) Defendant, Defendant's subsidiaries, parents, successors,

predecessors, and any entity in which Defendant or its parent has a controlling interest (as well as
current or former employees, officers and directors); (3) persons who properly execute and file a
timely request for exclusion from the Class; (4) persons whose claims in this matter have been
finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's
counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

33.     **Numerosity**: Pursuant to 735 ILCS 5/2-801(1), the number of persons within the
Class is substantial, believed to amount to hundreds of persons. It is, therefore, impractical to join
each member of the Class as a named Plaintiff. Further, the size and relatively modest value of
the claims of the individual members of the Class renders joinder impractical. Accordingly,
utilization of the class action mechanism is the most economically feasible means of determining
and adjudicating the merits of this litigation. Moreover, the Class is ascertainable and identifiable
from Defendant's records.

34.     **Commonality and Predominance**: Pursuant to 735 ILCS 5/2-801(2), there are
well-defined common questions of fact and law that exist as to all members of the Class and that
predominate over any questions affecting only individual members of the Class. These common
legal and factual questions, which do not vary from Class member to Class member, and which
may be determined without reference to the individual circumstances of any class member include,
but are not limited to, the following:

(a) Whether Defendant's conduct is subject to GIPA;

(b) Whether Defendant directly or indirectly solicited Plaintiffs and the other Class
members' genetic information as a condition of employment or their preemployment
application in violation of 410 ILCS 513/25(c)(l);

(c) Whether Defendant's violations of GIPA were negligent, reckless, or intentional; and

(d) Whether Plaintiff and the Class are entitled to damages and injunctive relief.

8

35. **Adequate Representation**: Pursuant to 735 ILCS 5/2-801(3), Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and her counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of such a Class. Neither Plaintiff nor her counsel has any interest adverse to, or in conflict with, the interests of the absent members of the Class. Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by members of the Class and will vigorously pursue those claims. If necessary, Plaintiff may seek leave of this Court to amend this Class Action Complaint to include additional Class representatives to represent the Class or additional claims as may be appropriate.

36. **Superiority**: Pursuant to 735 ILCS 5/2-801(4), a class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compel compliance with GIPA.

## CAUSE OF ACTION
**Violation of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq.***

**(On behalf of Plaintiff and the Class)**

37.    Plaintiff fully incorporates all paragraphs above.

38.    Defendant is an employer under 410 ILCS 513/ 10 in that it employes individuals within the state of Illinois.

39.    GIPA defines "genetic information" by reference to HIPAA as specified in 45 C.F.R. § 160.103 to include the manifestation of a disease or disorder in family members of an individual.

40.    Under GIPA, an employer shall not directly or indirectly solicit, request, require or purchase genetic information of a person or a family member of the person as a condition of employment or as part of any preemployment application. 410 ILCS 513/25(c)(l).

41.    As a precondition of their employment with Defendant, Plaintiff and the members of the Class were required to undergo physical exams, wherein Defendant required them to answer questions regarding their family medical history, i.e. the manifestation of a disease or disorder in family members. In doing so, Defendant directly or indirectly solicited, requested, and required Plaintiff and the members of the Class to disclose their genetic information.

42.    Plaintiff and the Class members also provided accompanying personal identifying information, including their full names, home addresses, date of birth, Social Security information and gender, to Defendant as part of their employment applications and during the physical exams they underwent.

43.    The information obtained from Plaintiff and the members of Class by Defendant, as described above, is protected by GIPA. 410 ILCS 513/l.

44.    Prior to obtaining Plaintiff's and Class members' family medical histories and genetic information, Defendant failed to advise Plaintiff and the other Class members, either

10

verbally or in writing, of their statutorily protected right under GIPA not to provide their family medical history or genetic information.

45.     Plaintiff and the other Class members have been aggrieved by Defendant's above violations of their statutorily protected rights to privacy in their genetic information as set forth in GIPA.

46.     Defendant's violations were knowing and willful, or at least in reckless disregard of the statutory requirements, as the relevant part of the statute has been in effect since 2009 and because, on information and belief, Defendant maintains a legal department that routinely performs compliance audits (including those required pursuant to applicable regulations in its industry) and is well equipped to identify applicable laws such as GIPA and to implement measures for compliance. Alternatively, Defendant's violations were negligent.

47.     On behalf of herself and the proposed members of the Class, Plaintiff seeks: (1) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with GIPA's requirements; (2) statutory damages of $15,000 for each reckless or intentional violation of GIPA pursuant to 410 ILCS 513/40(a)(2); (3) statutory damages of $2,500 for each negligent violation of GIPA pursuant to 410 ILCS 513/40(a)(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 410 ILCS 513/40(a)(3).

## PRAYER FOR RELIEF

48.     WHEREFORE, Plaintiff Shaver, individually and on behalf of the proposed Class, respectfully requests that this Court enter an Order:

A. Certifying the Class as defined above, appointing Plaintiff as class representative, and appointing Plaintiff's counsel as class counsel;

B. Declaring that Defendant's actions, as set forth herein, violate GIPA;

11

C. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with GIPA;

D. Awarding statutory damages of $15,000 for each reckless or intentional violation of GIPA, or alternatively, $2,500 for each negligent. Violation of GIPA;

E. Awarding reasonable attorneys' fees, costs, and other litigation expenses;

F. Awarding pre- and post-judgment interest, as allowable by law; and

G. Such further and other relief the Court deems reasonable and just.

## JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

Date: December 24, 2024                    *s/   Carl V. Malmstrom*

**WOLF HALDENSTEIN ADLER**
**FREEMAN & HERZ LLC**
ARDC No. 6295219
Carl V. Malmstrom
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Tel:  (312) 391-5059
Fax: (212) 686-0114
malmstrom@whafh.com

*Local Counsel for Plaintiff and the Putative Class*

**HEDIN LLP**
Julie Holt*
1395 Brickell Avenue, Ste 610
Miami, Florida 33131
Tel: (305) 357-2107
Fax: (305) 200-8801
E-mail: jholt@hedinllp.com

*Pro Hac Vice Application Forthcoming*

*Counsel for Plaintiff and the Putative Class*

E-FILED
Wednesday, 12 February, 2025  07:44:51 PM
Clerk, U.S. District Court, ILCD

# SUMMONS

**IN THE STATE OF ILLINOIS, CIRCUIT COURT**

☐ **Alias Summons**
*Check if this is not the 1st Summons issued for this Defendant/Respondent.*

**COUNTY:** Morgan
*County Where You Are Filing the Case*

*Enter the case information as it appears on your other court documents.*

**PLAINTIFF/PETITIONER OR IN RE:** Jason Shaver
*Who started the case.*                    *First, Middle, and Last Name or Business Name*

2024LA39
**Case Number**

**DEFENDANTS/RESPONDENTS:** Buchheit Enterprises, Inc.
*Who the case was filed against.*

*First, Middle, and Last Name or Business Name*

**The Defendant/Respondent named above has been sued. Read this form for information about how to respond to this lawsuit. Also see page 4 for next steps.**

**For the person filling out this form: Read all instructions in this box.**

This *Summons* can only be used for certain types of cases. See the *How To Serve a Summons* Instructions for more information: ilcourts.info/summons-instructions.

Check 1 if this is a 30-day summons, or check 2 if this is a date certain summons. Fill in all the information in 1 or 2.

- Use a **date certain summons** if you are asking for money of $50,000 or less or recovery of your personal property that you think the Defendant has, and for some mandatory arbitration cases. In 2, fill in your court date and how to go to court. You may get the court date when you e-file or you may need to ask the Circuit Clerk's office.
- Use a **30-day summons** for most other case types.

Complete the rest of the form with the Defendant/Respondent's information and information about the lawsuit.

**If you are suing more than 1 Defendant/Respondent,** attach an *Additional Defendant/Respondent Address and Service Information* form for **each** additional Defendant/Respondent.

☑ **1. 30-DAY SUMMONS**

To participate in this case, you must file your *Appearance* and *Answer/Response* forms with the court within 30 days after you are served with this *Summons* (not counting the day of service) by e-filing or at:

Court Address: 300 W. State St., Jacksonville, IL 62650
*Courthouse Street Address*

- or -

☐ **2. DATE CERTAIN SUMMONS**

*Your court date is listed below. Information about getting a court date and how to attend is available from the Circuit Clerk. You can find their contact information at ilcourts.info/CircuitClerks.*

To respond to this *Summons*, you must **attend court** in one of the ways checked below on:

_____ at _____ ☐ a.m. ☐ p.m. in _____.
*Month, Day, Year*              *Time*                        *Courtroom Number*

*This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts. Forms are free at ilcourts.info/forms.*
SU-S 1503.7                    Page 1 of 6                    (11/24)

Exhibit B

Case Number: 2024LA39

## Going to Court for a Date Certain Summons

Court dates may be in-person, remote, or a combination of in-person and remote.

☐ **In person at:** _____

       *Courtroom Address*                  *Courtroom Number*

☐ **Remotely** (video or telephone)

     **By video conference at:** _____

                *Video Conference Website*

         **Log-in information:** _____

                *Video Conference Log-in Information, Meeting ID, Password, etc.*

     **By telephone at:** _____

             *Call-in Number for Telephone Remote Appearance*

To find out more about remote court options:

Phone: _____ or Website: _____

    *Circuit Clerk's Phone Number*              *Website URL*

_____ _____

## 3. ADDITIONAL INFORMATION ABOUT THE LAWSUIT

a. I am asking for the following amount of money in my *Complaint/Petition:* $ _____.

                *(Enter 0 if you are not asking for money)*

b. I am asking for the return of tangible personal property (items in the Defendant/Respondent's possession) in my *Complaint/Petition*.

    ☐ Yes    ☐ No

## 4. DEFENDANT/RESPONDENT'S INFORMATION

a. Number of Defendants/Respondents being served:

    ☑ I am having 1 Defendant/Respondent served and their information is on this form below.

    ☐ I am having more than 1 Defendant/Respondent served. The first is listed below. I have attached *Additional Defendant/Respondent Address and Service Information* forms for the following number of additional Defendants/Respondents: _____.

                *Number*

b. First Defendant/Respondent's **primary address/information** for service:

Name: Buchheit Enterprises, Inc. _____

    *First, Middle, and Last Name, or Business Name*

    Registered Agent's Name *(if you are serving the Registered Agent of a business)*:

    Jon F. Buchheit _____

    *First, Middle, and Last Name*

Street Address: 1817 N. Market _____

          *Street, Apt #*

City, State, ZIP: Sparta, IL 62286 _____

        *City*             *State*       *Zip*

Telephone: _____ Email: _____

c. **Second address** for this Defendant/Respondent:
☐ I do **not** have another address where the Defendant/Respondent might be found.
☐ I have another address where this Defendant/Respondent might be found. It is:

Street Address: _____
             *Street, Apt #*

City, State, ZIP: _____
         *City*                            *State*        *Zip*

Telephone: _____ Email: _____

d. Person who will serve your documents on this Defendant/Respondent:
☐ Sheriff in Illinois ☐ Special process server ☐ Licensed private detective
☐ Sheriff outside Illinois: _____
                             *County & State*

---

**PLAINTIFF/PETITIONER INFORMATION:**

*Enter your information below.*

Name Carl V. Malmstrom
   *First, Middle and Last Name*

Registered Agent's name, if any _____
                          *First, Middle and Last Name*

Street Address 111 W. Jackson Blvd., Suite 1700
   *Street, Apt #*

City, State, ZIP: Chicago, IL 60604
         *City*                           *State*       *Zip*

Telephone: (312) 984-0000 _____ Email: malmstrom@whafh.com

Be sure to **check your email every day** so you do not miss important information, court dates, or documents from other parties.

---

**STOP** The Circuit Clerk and officer or process server will fill in this section.

**To be filled in by the Circuit Clerk:**

Witness this Date: 1/3/2025 _____

Clerk of the Court *Jennifer Bryson* JG

*[Seal: MORGAN COUNTY CIRCUIT, Seal of Court, 1823, ILLINOIS]*

**To be filled in by an officer or process server:**

Date of Service: _____

*Fill in the date above and give this copy of the Summons to the person served.*

---

**Note to officer or process server:**

○ If 1 is checked, this is a 30-day *Summons* and must be served within 30 days of the witness date.

○ If 2 is checked, this is a date certain *Summons* and must be served at least 21 days before the court date, unless 3b is checked yes.

    ▫ If 2 is checked **and** 3b is checked yes, the *Summons* must be served at least 3 days before the court date.

○ Fill in the date above and give this copy of the *Summons* to the person served.

○ You must also complete the attached *Proof of Service* form and file it with the court or return it to the Plaintiff.



Case Number: 2024LA39

## NEXT STEPS FOR PERSON FILLING OUT THIS FORM:

When you file a lawsuit, you must notify the person or business you are suing of the court case by having the *Summons* and Complaint or Petition delivered to them. This is called "serving" them.

File your *Summons* and Complaint or Petition with the Circuit Clerk in the county where your court case should be filed. The Circuit Clerk will "issue" the *Summons* by putting a court seal on the form.

Have the sheriff or a private process server serve the *Summons* and a copy of the Complaint or Petition on the Defendant/Respondent. You cannot serve the *Summons* yourself.



Learn more about each step in the process and how to file in the instructions:
ilcourts.info/summons-instructions.



## NEXT STEPS FOR PERSON RECEIVING THIS DOCUMENT:

**You have been sued:**
- Read all documents attached to this *Summons*.
- All documents referred to in this *Summons* can be found at ilcourts.info/forms. Other documents may be available from your local Circuit Court Clerk's office or website.
- You may be charged filing fees, but if you cannot pay them, you can file an *Application for Waiver of Court Fees (Civil)*.
- When you go to court, it is possible that the court will allow you to attend the first court date in this case in-person or remotely by video or phone. Contact the Circuit Court Clerk's office or visit the Court's website to find out whether this is possible and, if so, how to do this.

**If Section 1 on page 1 of this *Summons* is checked (30-day summons):**
- You **must** file official documents called an *Appearance* and an *Answer/Response* with the court within 30 days of the date you were served with this *Summons*.
- If you do **not** file an *Appearance* and *Answer/Response* on time, the judge may decide the case without hearing from you. This is called "default." As a result, you could lose the case.
- After you fill out the necessary documents, you need to electronically file (e-file) them with the court. To e-file, you must create an account with an e-filing service provider. For more information, go to ilcourts.info/efiling. If you cannot e-file, you can get an exemption that allows you to file in-person or by mail.
- You should be notified of any future court dates.

**If Section 2 on page 1 of on this *Summons* is checked (date certain summons):**
- You **must** attend court on the date listed in Section 2 of this *Summons*.
- If you do not attend that court date, the judge may decide the case without hearing from you. This is called "default." As a result, you could lose the case.

**Need Help? ¿Necesita ayuda?**
- Call or text Illinois Court Help at 833-411-1121 or go to ilcourthelp.gov for information about going to court, including how to fill out and file documents.
- Llame o envíe un mensaje de texto a Illinois Court Help al 833-411-1121, o visite ilcourthelp.gov para obtener información sobre los casos de la corte y cómo completar y presentar formularios.
- You can also get free legal information and legal referrals at illinoislegalaid.org.
- If there are any words or terms that you do not understand, please visit Illinois Legal Aid Online at ilao.info/glossary. You may also find more information, resources, and the location of your local legal self-help center at: ilao.info/lshc-directory.

E-FILED
Wednesday, 1/3/2025 12:32 PM
CLERK OF THE CIRCUIT COURT
MORGAN COUNTY, ILLINOIS

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
MORGAN COUNTY, ILLINOIS

| | |
|---|---|
| JASON SHAVER, on behalf of herself and all others similarly situated, | Case No.: 2024LA39 |
| Plaintiff, | |
| v. | |
| BUCHHEIT ENTERPRISES, INC., | |
| Defendant. | |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION[1]

Plaintiff Jason Shaver, individually and on behalf of all others similarly situated, by and

through his undersigned attorney, respectfully moves this Court, pursuant to 735 ILCS 5/2-801 *et*

*seq.*, for an Order certifying this litigation as a class action on behalf of the following class

(sometimes collectively referred to as the "Class"):

> All individuals who applied for employment with Defendant in Illinois and from
> whom Defendant, or an agent acting on behalf of Defendant, requested and/or
> obtained family medical history or other genetic information within the applicable
> limitation period.

Plaintiff hereby reserves the right to amend the definition of the Class if discovery or

further investigation reveals that the Class should be expanded or otherwise modified.

Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff

can prove the elements of her claims on a class-wide basis using the same evidence as would be

---

[1]  Plaintiff requests that the Court delay its ruling on this motion until the parties have had an opportunity
to complete the discovery process and fully brief this issue.  Plaintiff is filing this motion in light of the
Illinois Supreme Court's opinion in *Ballard RN Ctr., Inc. v. Kohll's Pharm. & Homecare, Inc.*, 2015 IL
118644 (Ill. 2015).  In *Ballard RN Ctr.*, the Illinois Supreme Court found that a motion for class certification
which "identified [the] defendant, the applicable date or dates, and the general outline of plaintiff's class
action allegations" was sufficient to overcome mootness efforts by Defendant to defeat the case in question.
*Id.* at **19.

Exhibit C

used to prove those elements in individual actions alleging the same claims.

In support of his motion,[2] Plaintiff states as follows:

**1.     Introduction.** This is a class action lawsuit through which Plaintiff, individually and on behalf of the Classes described herein, seeks damages from Defendant for Defendant's Data Breach in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, as well as common law negligence, breach of implied contract, and unjust enrichment.

**2.**     This case satisfies all of the elements of 735 ILCS 5/2-801 *et seq*. Illinois state law requires numerosity, commonality, adequacy, and appropriateness of representation. As discussed below, each of these requirements is satisfied:

**3.     Numerosity** – 735 ILCS 5/2-801(1). The numerosity requirement is satisfied where "joinder of all members is impracticable." "Although there is no magic number of class members for numerosity purposes, case law indicates that when a class numbers at least 40, joinder will be considered impracticable." *Hernandez v. Gatto Indus. Platers*, 2009 U.S. Dist. LEXIS 36023 at *6 (N.D. Ill. Apr. 28, 2009).[3] Here, the total number of class members is believed to be 47,877. Compl. ¶ 73.

---

[2] Upon presentment of this Motion for Class Certification to the Court, Plaintiff will request a briefing schedule that will include, among other things, a deadline by which to file her opening memorandum of law in support thereof after sufficient discovery has been allowed. In *Ballard RN Ctr.*, the Illinois Supreme Court stated that "when additional discovery or further development of the factual basis is necessary. . .those matters will be left to the discretion of the trial court." *Id.* at **24.

[3] "Section 2-801 of the Code, which is patterned after Rule 23 of the Federal Rules of Civil Procedure, sets forth the prerequisites needed to maintain a Class action. Given the relationship between these two provisions, federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois." *Uesco Indus. v. Poolman of Wis.*, Inc., 2013 IL App (1st) 112566 at P45 (Ill. App. Ct. 1st Dist. 2013) (internal quotation marks and citations omitted).

3.     **Commonality** – 735 ILCS 5/2-801(2).  The commonality requirement is satisfied where "common questions [of law or fact] predominate over any questions affecting only individual members." "To satisfy this predominance requirement, a plaintiff must necessarily show that successful adjudication of the class representative's individual claim will establish a right of recovery in other class members. A favorable judgment for the class should decisively resolve the whole controversy, and all that should remain is for other class members to file proof of their claim. *Mashal v. City of Chicago*, 2012 IL 112341 at P33 (Ill. 2012) (Internal quotation marks and citations omitted).

As alleged in the Complaint, the Defendant engaged in a common course of conduct that was nearly identical for every putative member of the Class, namely individuals whose Sensitive Personal Information was inadequately protected by Defendant.

In this case, the common questions of law or fact include, among others:

(a) Whether Defendant's conduct is subject to GIPA;

(b) Whether Defendant directly or indirectly solicited Plaintiffs and the other Class members' genetic information as a condition of employment or their preemployment application in violation of 410 ILCS 513/25(c)(I);

(c) Whether Defendant's violations of GIPA were negligent, reckless, or intentional; and

(d) Whether Plaintiff and the Class are entitled to damages and injunctive relief.

Based on the nature of Defendant's conduct which Defendant uniformly applied to the Plaintiff and all members of the alleged class, commonality is easily established here. "It is proper to allow a class action where a defendant is alleged to have acted wrongfully in the same basic manner towards an entire class." *P.J.'s Concrete Pumping Serv. v. Nextel W. Corp.*, 345 Ill. App. 3d 992, 1003 (Ill. App. Ct. 2d Dist. 2004) (citation omitted).

4.     **Adequacy** – 735 ILCS 5/2-801(3).  The adequacy requirement is satisfied where the "representative parties will fairly and adequately protect the interest of the class."

3

The purpose of the adequate representation requirement is to ensure that all class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim. The test to determine the adequacy of representation is whether the interests of those who are parties are the same as those who are not joined.

*P.J.'s Concrete Pumping Serv.* 345 Ill. App. 3d at 1004 (citations omitted).

Here, Plaintiff has no interests antagonistic to the interests of absent class members, and Plaintiff has retained counsel that is qualified, experienced, and generally able to conduct the proposed litigation. Compl. ¶ 76.

5.     **Appropriateness** – 735 ILCS 5/2-801(4).  The appropriateness requirement is satisfied where the "class action is an appropriate method for the fair and efficient adjudication of the controversy." Further,

In deciding whether the fourth requirement for class certification is met, a court considers whether a class action can best secure economies of time, effort, and expense or accomplish the other ends of equity and justice that class actions seek to obtain. Where the first three requirements for class certification have been satisfied, the fourth requirement may be considered fulfilled. Also, class actions are often the last barricade of consumer protection. Consumer class actions provide restitution to the injured and deterrence to the wrongdoer, thus attaining the ends of equity and justice.

*Walczak v. Onyx Acceptance Corp.*, 365 Ill. App. 3d 664, 679 (Ill. App. Ct. 2d Dist. 2006) (citations omitted)

Here, where there are thousands of potential consumer class members, each seeking small recoveries pursuant to claims that cannot be efficiently litigated separately, a class action is clearly the appropriate vehicle to litigate this action in order to secure economies of time, effort and expense for both the Court and the parties. Compl. ¶ 77.

**WHEREFORE,** Plaintiff respectfully requests that this Court, after allowing the parties an opportunity to complete the discovery process and fully brief the issues raised by this motion, enter an Order: (1) certifying this case as a class action pursuant to 735 ILCS 5/2-801 *et seq.*, (2)

appointing Plaintiff as representative of the Class; and (3) appointing Plaintiff's attorneys as Class

Counsel.

Dated:  January 3, 2025                           Respectfully submitted,

                                     /s/   *Carl V. Malmstrom*
**WOLF HALDENSTEIN ADLER**
 **FREEMAN & HERZ LLC**
Attorney No. 38819
Carl V. Malmstrom
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Tel:  (312) 984-0000
Fax: (212) 686-0114
malmstrom@whafh.com

***Local Counsel for Plaintiff and the Putative Class***

Julie Holt*
**HEDIN LLP**
1395 Brickell Avenue, Ste 610
Miami, Florida 33131
Tel: (305) 357-2107
Fax: (305) 200-8801
E-mail: jholt@hedinllp.com

*\*Pro Hac Vice Application Forthcoming*

***Counsel for Plaintiff and the Putative Class***

5

# Morgan County, IL

**NOTICE:** By clicking the 'Search' button below, or otherwise using the Judici.com website

**2024LA39  BUCHHEIT ENTERPRISES, INC**       Last Search | Information | Dispositions | **History** | Payments | Fines & Fees

| Date | Entry | Judge |
|---|---|---|
| | Entered Under: BUCHHEIT ENTERPRISES, INC | |
| 01/17/2025 | Summons returned; served by Randolph County Sheriff's Department | UNASSIGNED |
| 01/03/2025 | Plaintiff's Motion for Class Certification filed by MALMSTROM, CARL. | UNASSIGNED |
| 01/03/2025 | Summons Issued and Returnable filed by MALMSTROM, CARL. | UNASSIGNED |
| 12/27/2024 | Payment of $324.00 applied on 12/26/2024. | UNASSIGNED |
| 12/24/2024 | Class Action Complaint filed by MALMSTROM, CARL. | UNASSIGNED |

For questions or comments about this web site, please see our Contacts Page.

Terms of use | Privacy policy
Advertise on Judici.
Copyright © 2002-2025 Judici
Last modified: 2025/02/09 08:58 Version: 3.9.0.816

Exhibit D

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

E-FILED
Wednesday, 12 February, 2025 07:44:51 PM
Clerk, U.S. District Court, ILCD

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

JASON SHAVER, on behalf of herself and all others similarly situated

**DEFENDANTS**

BUCHHEIT ENTERPRISES, INC.

**(b)** County of Residence of First Listed Plaintiff    Morgan County, IL
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Perry County, MO
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Carl Malmstrom, Wolf Haldenstein, 111 W. Jackson Blvd #1700, Chicago, IL 60604, 312-391-5059

Attorneys *(If Known)*

Lee Karge, Wilson Elser, 7777 Bohhomme Ave. #1900, St. Louis, MO 63105, 314-930-2860

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product    Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument |    Liability   ☐ 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel &     Pharmaceutical    Slander     Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'     Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) |    Liability   ☐ 368 Asbestos Personal ☐ 340 Marine     Injury Product ☐ 345 Marine Product     Liability | | ☐ 835 Patent - Abbreviated New Drug Application ☐ 840 Trademark | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |    Liability   **PERSONAL PROPERTY** ☐ 350 Motor Vehicle   ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract |    Product Liability   ☐ 380 Other Personal | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal     Property Damage    Injury   ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury -     Product Liability    Medical Malpractice | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☒ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting   ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 510 Motions to Vacate      Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/     Accommodations   ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities -   ☐ 535 Death Penalty     Employment   **Other:** | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities -   ☐ 540 Mandamus & Other     Other   ☐ 550 Civil Rights | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education   ☐ 555 Prison Condition ☐ 560 Civil Detainee -      Conditions of      Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court |
| ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |
| ☐ 8 Multidistrict Litigation - Direct File | |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC § 1332, 1441, 1446, 1453

Brief description of cause:
Violation of state statute

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
N/A

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE
02/ 03/ 2025

SIGNATURE OF ATTORNEY OF RECORD
/s/ Lee J. Karge

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____