IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JASON SHAVER, on behalf of herself and all others similarly situated, | )<br>)<br>) Case No. 25-CV-3043 |
| Plaintiff, | )<br>) |
| v. | )<br>) **JURY TRIAL DEMANDED** |
| BUCHHEIT ENTERPRISES, INC., | )<br>) |
| Defendant. | ) |

**ANSWER AND AFFIRMATIVE AND OTHER DEFENSES**

COMES NOW Defendant Buchheit Enterprises, Inc. by and through its undersigned counsel, and for its Answer and Affirmative and Other Defenses states as follows:

**INTRODUCTION**

1. Denied.

2. Defendant admits that the portion of Paragraph 2 in quotation mark accurately reflects the text of the statute referenced. Defendant denies all remaining allegations in Paragraph 2.

3. Defendant admits that subparts (1) through (4) of Paragraph 3 contains an accurate recitation of 410 ILCS 513/25(c)(1)-(4). Defendant denies all remaining allegations in Paragraph 3.

4. Defendant admits that GIPA adopts by reference the definition of "genetic information" as specified in 45 C.F.R. § 160.103 and denies all remaining allegations in Paragraph 4.

5. Denied.

6. Denied.

7. Denied.

## PARTIES

8. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 and, therefore, denies the same.

9. Defendant admits that it is a corporation, that it is incorporated in Missouri, and that it is registered with the Illinois Secretary of State to transact business in Illinois. Defendant admits that it operates Buchheit retail stores in Illinois in Centralia, Greenville, Jacksonville, and Sparta. Defendant denies all remaining allegations in Paragraph 9.

10. Defendant admits that jurisdiction is proper in the U.S. District Court for the Central District of Illinois, that Defendant conducts business in Illinois, and that Plaintiff applied to work at a retail store in Jacksonville, Illinois. Defendant denies all remaining allegations in Paragraph 10.

11. Defendant admits that it is doing business in Morgan County, Illinois. Defendant denies all remaining allegations in Paragraph 11.

## FACTUAL BACKGROUND

**I.     Illinois's Genetic Information Privacy Act – Denied.**

12. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 and, therefore, denies the same.

13. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 and, therefore, denies the same.

14. Paragraph 14 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 14.

15. Denied.

16. Paragraph 16 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 16.

**II.   Defendant violates GIPA – Denied.**

17. Defendant admits that it has in the past employed and that it continues to employ people in Illinois, and that it has in the past employed and that it continues to employ people in Centralia, Greenville, Jacksonville, and Sparta, Illinois. Defendant denies all remaining allegations in Paragraph 17.

18. Defendant admits that job applicants for certain positions have submitted to functional employment tests. Defendant denies all remaining allegations in Paragraph 18.

19. Denied.

20. Denied.

21. Defendant denies it engaged in "the above statutorily prohibited conduct" and denies that it asked Plaintiff or the punitive Class members questions regarding their genetic information. As to the remaining allegations in Paragraph 21, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, denies the same.

22. Denied.

**III.   Plaintiff Shaver's experience – Denied.**

23. Defendant admits that Plaintiff Shaver applied for a job with Defendant in 2021 and denies all remaining allegations in Paragraph 23.

24. Defendant admits that Plaintiff submitted to a functional employment test. Defendant denies all remaining allegations in Paragraph 24.

25. Denied.

26. Denied.

27. Denied.

28. Defendant denies Plaintiff provided sensitive information to Defendant and denies that Defendant requested that Plaintiff disclose genetic information. As to the remaining allegations in Paragraph 28, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, denies the same.

29. Defendant denies that Plaintiff disclosed genetic information to Defendant. As to the remaining allegations in Paragraph 29, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, denies the same.

30. Denied.

## CLASS ACTION ALLEGATIONS

31. Paragraph 31 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant admits that Plaintiff purports to bring this case as a class action and seeks to certify a class of individuals. Defendant denies that class action treatment is proper in this case, denies application of 735 ILCS 5/2-801, and further states Plaintiff will not be able to certify a class of similarly situated individuals. Defendant denies all remaining allegations in Paragraph 31.

32. Paragraph 32 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant admits that Plaintiff purports to bring this case as a class action and seeks to certify a class of individuals. Defendant denies that class action treatment is proper in this case, and further states Plaintiff will not be able to certify a class of similarly situated individuals. Defendant denies all remaining allegations in Paragraph 32.

33. Defendant denies application of 735 ILCS 5/2-801(1) and denies all remaining allegations in Paragraph 33.

34. Defendant denies application of 735 ILCS 5/2-801(2) and denies all remaining allegations in Paragraph 34 and all sub-parts set forth therein.

35. Defendant denies application of 735 ILCS 5/2-801(3) and denies all remaining allegations in Paragraph 35.

36. Defendant denies application of 735 ILCS 5/2-801(4) and denies all remaining allegations in Paragraph 36.

**CAUSE OF ACTION**
**Violation of Illinois Genetic Information Privacy Act, 410 ILCS 513/1, et seq.**
**(On behalf of Plaintiff and the Class)**

37. Defendant repeats, realleges, and incorporates by reference its answers to Paragraphs 1-36 as if fully set forth herein.

38. Paragraph 38 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant admits that it employs individuals in the State of Illinois and denies all remaining allegations in Paragraph 38.

39. Defendant admits that GIPA adopts by reference the definition of "genetic information" as specified in 45 C.F.R. § 160.103 and denies all remaining allegations in Paragraph 39.

40. Paragraph 40 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 40.

41. Denied.

42. Defendant admits that some job applicants provide their full names and home addresses. As to the remaining allegations in Paragraph 42, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, denies the same.

43. Paragraph 43 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 43.

44. Defendant denies that Plaintiff or the Class members provided family medical histories and genetic information and denies that Defendant requested that Plaintiff or the Class members provide their family medical history or genetic information. As to the remaining allegations in Paragraph 44, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, denies the same.

45. Denied.

46. Denied.

47. Defendant denies that Plaintiff or the Class members are entitled to any relief. Defendant denies all remaining allegations in Paragraph 47.

**PRAYER FOR RELIEF**

48. Defendant denies that Plaintiff or the Class are entitled to any relief. Defendant denies all remaining allegations in Paragraph 48. Defendant further requests that the Court enter judgment in its favor and against Plaintiff, deny all injunctive relief requested by Plaintiff, award Defendant its costs and reasonable attorneys' fees in the full amount provided by law, and for such other and further relief as the Court deems just and proper.

**AFFIRMATIVE AND OTHER DEFENSES**

1. The complaint fails to state a claim for which relief may be granted.

2.     Plaintiff's claim is time-barred in whole or in part as to Plaintiff and the putative class members by the applicable statute of limitations, 735 ILCS 5/13-202 or, in the alternative, 735 ILCS 5/13-201.

3.     Pleading alternatively, the claims of putative class members are time-barred to the extent the alleged conduct of which they complain occurred more than five years prior to the initiation of this action. 735 ILCS 5/13-205.

4.     Plaintiff's claim is barred in whole or in part by the doctrine of laches to the extent Plaintiff and the putative class members unreasonably delayed filing their action before asserting their purported rights and, thereby, caused undue prejudice to Defendant.

5.     Plaintiff's claim is barred in whole or in part because Plaintiff and the putative class members lack statutory standing given that they are not "aggrieved" within the meaning of 410 ILCS 513/40(a). No "genetic information" of Plaintiff or putative class members has been collected or compromised by a data breach or identity theft, otherwise misappropriated or misused, used for employment decisions, or used as a means of discrimination. Further, Plaintiff and the putative class have not suffered any injury or incurred any harm that would entitle them to relief under GIPA, under the Illinois Constitution, or the United States Constitution.

6.     If GIPA applies, which Defendant denies, then pleading in the alternative, Plaintiff's claims are barred by the doctrine of estoppel in that Plaintiff contends to have suffered the alleged injuries nearly four years prior to commencing this action, and there was no valid reason for Plaintiff to delay commencement. Plaintiff's delay significantly prejudiced Defendant's ability to investigate Plaintiff's claim and to defend itself in this action.

7.     If GIPA applies, which Defendant denies, then pleading in the alternative, Plaintiff's claims are barred by the doctrine of waiver in that Plaintiff contends to have suffered the alleged injuries nearly four years prior to commencing this action, and there was no valid reason for

Plaintiff to delay commencement. Plaintiff's delay significantly prejudiced Defendant's ability to investigate Plaintiff's claim and to defend itself in this action.

8.     If GIPA applies, which Defendant denies, then pleading in the alternative, Plaintiff's claim is barred in whole or in part by the doctrines of consent, ratification, and/or acquiescence. To the extent the Court determines that GIPA applies, which Defendant denies, then pleading in the alternative, Plaintiff and the putative class members actually or constructively consented and voluntarily agreed, either expressly or impliedly, to provide genetic information without threat, coercion, or compulsion, as part of the bargained for exchange in order to obtain employment and be compensated.

9.     If GIPA applies, which Defendant denies, and to the extent any information was requested regarding family medical history of an employee's family member, which Defendant denies, then pleading alternatively, the claims are barred in whole or in part because any alleged, inadvertently requested or received genetic information was treated "in a manner that is consistent with the requirements of federal law including but not limited to the Genetic Information Nondiscrimination Act of 2008, the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, the Family and Medical Leave Act of 1993, the Occupational Safety and Health Act of 1970, the Federal Mine Safety and Health Act of 1977, or the Atomic Energy Act of 1954." 410 ILCS 513/25(a).

10.    If GIPA applies, which Defendant denies, then pleading in the alternative, the complaint is preempted by federal law including but not limited to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. The conduct of which Plaintiff complains relates to the administration of group health insurance benefits and Plaintiff's rights as provided by federal law. Plaintiff is barred from recovery on the compliant to the extent that any recovery Plaintiff seeks is not available under ERISA and her state law claims are preempted by ERISA.

11. If GIPA applies, which Defendant denies, then pleading in the alternative, the claims are barred in whole or in part because GIPA, including but not limited to the statute's definitions of "genetic testing" and "genetic information", is vague and ambiguous in violation of the United States and Illinois Constitutions.

12. If GIPA applies, which Defendant denies, then pleading in the alternative, the claims are barred in whole or in part because Defendant did not possess, solicit, require, or purchase genetic testing or genetic information of any kind within the meaning of GIPA and, therefore, compliance with GIPA was not required.

13. If GIPA applies, which Defendant denies, and to the extent any information possessed, released, solicited, required, or purchased by Defendant is deemed to constitute genetic testing or genetic information under GIPA, which Defendant denies, then pleading in the alternative, no terms, conditions, or privileges of employment, including the employment itself, preemployment application, labor organization membership, or licensure, were affected or caused to be terminated because of genetic testing or genetic information under GIPA.

14. Pleading alternatively, Plaintiff's claim is barred in whole or in part because Defendant's hiring processes and procedures do not request "genetic information" from individuals. To the extent the Court determines that GIPA applies, which Defendant denies, then pleading in the alternative, the claim is barred in whole or in part based on Defendant's good faith and reasonable interpretation of GIPA, substantial compliance therewith, and/or absence of any intentional, reckless, or negligent violation of the statute.

15. If GIPA applies, which Defendant denies, and to the extent any information was requested regarding family medical history of an employee's family member, which Defendant

denies, then pleading in the alternative, any such request for such information was inadvertent. 410 ILCS 513/25(g).

16. To the extent Plaintiff adequately pled negligence, which Defendant denies, then Plaintiff's claims are barred in whole or in part by the doctrine of primary assumption of risk to the extent Plaintiff and any putative class member approved and participated in the conduct of which they now complain. Such conduct would indicate that Plaintiff and each putative class member implicitly consented to encounter an inherent and known risk. As such, Plaintiff and each putative class member excused Defendant from any legal duty it may have had in connection with the conduct at issue.

17. Plaintiff and/or the putative class members do not satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and, thus, Plaintiff's claims for class action relief are not appropriate for class action treatment.

18. If GIPA applies, which Defendant denies, and to the extent any information was requested regarding family medical history of an employee's family member, which Defendant denies, then pleading in the alternative, Defendant's alleged actions involving Plaintiff and/or the putative class members were solely based on legitimate non-discriminatory reasons.

19. If GIPA applies, which Defendant denies, and to the extent any information was requested regarding family medical history of an employee's family member, which Defendant denies, then pleading in the alternative, the conduct of which Plaintiff and the putative class members complain involved the actions of third parties of whom Defendant had no control and for which Defendant cannot be liable.

20. If GIPA applies, which Defendant denies, and to the extent any information was requested regarding family medical history of an employee's family member, which Defendant

denies, then pleading in the alternative, the conduct of which Plaintiff and the putative class members complain involved the actions of third parties which exceeded the scope of said parties' employment and/or contractual relationship with Defendant and was undertaken without the knowledge or consent of Defendant and for which Defendant cannot be liable.

21.     If GIPA applies, which Defendant denies, and to the extent any information was requested regarding family medical history of an employee's family member, which Defendant denies, then pleading in the alternative, Plaintiff and the putative class members proximately caused, contributed to, or failed to mitigate any and all loss that he/they claim.

22.     If GIPA applies, which Defendant denies, and to the extent any information was requested regarding family medical history of an employee's family member, which Defendant denies, then pleading alternatively Plaintiff's claim is barred in whole or in part because any damages incurred were caused by intervening or superseding causes, and not because of any action or omission of Defendant. Such intervening or superseding causes include but are not limited to any actions or omissions by third parties.

23.     If GIPA applies, which Defendant denies, and to the extent any information was requested regarding family medical history of an employee's family member, which Defendant denies, then pleading alternatively the claims are barred in whole or in part to the extent they are or become moot as to Plaintiff and some or all purported class members. Settlements or dispositive rulings in overlapping GIPA actions may moot the claims at issue here.

24.     Injunctive relief is barred because Plaintiff and the members of the alleged putative class and subclass have not suffered irreparable harm and there is no real or immediate threat of injury.

25. The prayer for relief is barred in whole or in part because Plaintiff and the putative class members are not entitled to recover statutory liquidated damages under GIPA to the extent such damages constitute an unenforceable penalty.

26. Plaintiff's prayer for relief is barred in whole or in part because the recovery of statutory damages would not be a reasonable estimate of actual damages. Instead, such recovery amounts to a disparate penalty, akin to punitive damages for strict liability, and should be deemed unenforceable.

27. The prayer for relief is barred in whole or in part because an award of statutory liquidated damages under GIPA would violate Defendant's due process rights and constitute an excessive fine. Based on Plaintiff's allegation that the proposed class could be comprised of numerous members, any such recovery would be grossly excessive, exorbitant, and disproportionate to a bare, procedural, or technical violation of the statute without any injury or harm and, thereby, violate the Due Process Clause and Excessive Fines Clause of the United States and Illinois Constitutions.

28. If GIPA applies, which Defendant denies, then pleading in the alternative, Defendant did not negligently, intentionally, or recklessly violate any provision of GIPA. Therefore, neither the Plaintiff nor the putative class members are entitled to the liquidated damages under 410 ILCS 513/40(a).

29. By pleading the foregoing affirmative defenses, Defendant does not concede that each of the matters alleged are to be proven by Defendant. Defendant reserves its position that Plaintiff retains the burden of proof on all matters asserted and is required to establish damages.

30. Defendant reserves the right to amend its answer and to assert additional affirmative defenses that may become available at a future date as discovery proceeds.

WHEREFORE, having fully answered the Plaintiff's Class Action Complaint, Defendant requests that the Court enter judgment in its favor and against Plaintiff, deny all injunctive relief requested by Plaintiff, award Defendant its costs and reasonable attorneys' fees in the full amount provided by law, and for such other and further relief as the Court deems just and proper.

**DEFENDANT DEMANDS TRIAL BY JURY.**

Respectfully submitted,

BUCHHEIT ENTERPRISES, INC.

*/s/ Lee J. Karge*
Lee J. Karge, ARDC No. 6257929
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
7777 Bonhomme Ave., Suite 1900
St. Louis, MO 63105
314-930-2860 (Phone)
314-930-2861 (Fax)
Lee.karge@wilsonelser.com
***Attorneys for Defendant Buchheit Enterprises, Inc.***

## CERTIFICATE OF SERVICE

I certify that on February 19, 2025, I electronically filed the foregoing document which is available to view and download from the Court's CM/ECF system, that service on all counsel of record who are registered CM/ECF users will be accomplished by the CM/ECF system, and that a copy of the foregoing was served by electronic mail upon the following counsel of record:

Carl V. Malmstrom
Wolf Haldenstein Adler Freeman & Herz LLC
111 W. Jackson Blvd. Suite 1700
Chicago, IL 60604
312-391-5059 (O)
212-686-0114 (F)
malmstrom@whafh.com
***Local Counsel for Plaintiff & Putative Class***

Julie Holt
Hedin LLP
1395 Brickell Ave., Suite 610
Miami, FL 33131
305-357-2107 (O)
305-200-8801 (F)
jholt@hedinllp.com
***Counsel for Plaintiff & Putative Class***
***Pro Hac Vice Application Forthcoming***

                                                  /s/ *Lee J. Karge*