IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JASON SHAVER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 25-CV-3043 |
| | ) | |
| v. | ) | |
| | ) | JURY DEMANDED |
| BUCHHEIT ENTERPRISES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT BUCHHEIT ENTERPRISES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE CLASS ALLEGATIONS**

COMES NOW Defendant Buchheit Enterprises, Inc. by and though counsel and for its Memorandum of Law in Support of its Motion to Strike the Class Allegations states as follows:

### I.     INTRODUCTION

This case arises from alleged violations of the Genetic Information Privacy Act ("GIPA" or the "Act"), an Illinois statute. Plaintiff Jason Shaver ("Plaintiff" or "Shaver") seeks statutory liquidated damages for an alleged technical violation of GIPA, 410 ILCS 513/1 *et seq.* GIPA was enacted in 1998 to restrict how entities use "genetic information".

Shaver filed her initial complaint on December 24, 2024 on behalf of herself and all similarly situated individuals. (Complaint, ECF No. 1-1.) Plaintiff, who lives in Jacksonville, Illinois, alleges she applied to work at a Buchheit retail store located in Jacksonville, Illinois which Defendant owned and operated. (ECF No. 1-1 ¶¶ 8-10, 23.) She claims that Defendant "directly or indirectly solicited, requested, required, or purchased genetic information of Plaintiff . . . and its job applicants as a condition of applicants' employment or preemployment application in Illinois." (ECF No. 1-1 ¶ 10.) As to Plaintiff, she claims Defendant required her to submit to a physical examination as part of its hiring practices. (ECF No. 1-1 ¶ 24.) She alleges that during the

1

examination, Defendant required that she answer questions about her family medical history, requested "sensitive genetic information" from her, and obtained this information "as a condition of Plaintiff's employment". (ECF No. 1-1 ¶¶ 25-27.) Shaver claims Defendant's purported requirement violated GIPA. (ECF No. 1-1 ¶ 30.)

In her Complaint, Plaintiff also asserts that she brings the action on behalf of all others who she claims to be similarly situated. She claims Defendant operates retail stores not only in Jacksonville, but also in Sparta, Centralia, and Greenville, Illinois, at the least. (ECF No. 1-1 ¶¶ 9, 17.) She (inaccurately) alleges that Defendant owns and operates other businesses such as Buchheit Logistics, Buchheit Metals, and Buchheit Agriculture. (ECF No. 1-1 ¶ 9.) She claims Defendant requires all prospective job applicants to submit to physical examinations. (ECF No. 1-1 ¶¶ 18, 20.) She claims Defendant "devised, implemented, and executed" a "hiring policy for its locations and prospective employees in Illinois" in which it solicits applicants' family medical history. (ECF No. 1-1 ¶¶ 18-20.)

Plaintiff seeks to pursue claims on behalf of "[a]ll individuals who applied for employment with Defendant in Illinois" and from whom (1) Defendant "requested" family medical history, (2) Defendant's agent "requested" their family medical history, (3) Defendant "obtained" their family medical history, **and** (4) Defendant's agent "obtained" their family medical history. (ECF No. 1-1 ¶ 31.) The class is not limited to occasions in which Defendant "requested" or "obtained" said information as a condition of the class members' employment or preemployment application.

Plaintiff's request to certify the class is made pursuant to Illinois procedures rather than the federal rules. (ECF No. 1-3.) The motion appears to be directed to a different complaint altogether. For example,

2

      (a)      It refers, in part, to a data breach in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act and common law theories related thereto. (ECF No. 1-3 p. 2 ¶ 1.)

      (b)      It suggests Plaintiff's belief that there are over 47,000 class members and cites to a paragraph in the complaint that does not exist. (ECF No. 1-3 p. 2 ¶ 3.)

Plaintiff's attempt to improperly broaden the applicable class should not be allowed and those class allegations should be stricken.

## II.    LEGAL STANDARD

**A.    Maintaining Class Actions Generally**

It is well-established that "[t]he class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). A plaintiff seeking to certify a class action must comply with each requirement as delineated by Rule 23. Specifically,

> [i]n order to certify a class under Rule 23, the party must show that its proposed class satisfies every one of the four prerequisites under Rule 23(a), and that its proposed class falls within at least one of the enumerated Rule 23(b) categories...(1) the class is so numerous that joinder of all members is impracticable ("numerosity"); (2) there are questions of law or fact common to the class ("commonality"); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class ("typicality"); and (4) the representative parties will fairly and adequately protect the interests of the class ("adequacy"). Rule 23(b) lists three broad categories of cases suitable for treatment as class actions.

*Cunningham v. Charter Corp. v. Learject, Inc.*, 258 F.R.D. 320, 324 (S.D. Ill. 2009)(internal citations omitted); *see also Dukes*, 564 U.S. at 345 (outlining the prerequisites). "The burden of proving that all four Rule 23(a) prerequisites are satisfied and that the proposed class falls within one of the three Rule 23(b) categories rests squarely with the party seeking class certification." *Id.* at 325.

However, "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Dukes*, 564 U.S. at 350 (emphasis in original). "Courts enjoy broad discretion in deciding whether the party seeking certification has met its burden of proof. While a court generally may not consider a party's probability of success on the merits when deciding a motion for class certification, it should look beyond the pleadings to make whatever factual and legal inquiries are necessary" to determine whether the plaintiff has adequately established the requirements of Fed. R. Civ. P. 23. *Id.*

    1.    *Numerosity*

Concerning the numerosity requirement, "[p]laintiffs are not required to specify the exact number of persons in the class, but cannot rely on conclusory allegations that joinder is impractical or on speculation as to the size of the class in order to prove numerosity." *Elliott v. Chi. Hous. Auth.*, No. 98C6307, 2000 U.S. Dist. LEXIS 2697, *21 (N.D. Ill. Feb. 20, 2000). Courts may "make common sense assumptions in order to find support for numerosity." *Halperin v. Nichols, Safina, Lerner & Co.*, No. 94C6960, 1996 U.S. Dist. LEXIS 16111, *8 (N.D. Ill. Oct. 28, 1996). Although "there is no 'magic number' of class members that satisfy Rule 23(a)'s numerosity requirement, 40 is

4

usually enough." *Ramirez v. Palisades Collection, LLC*, No. 07C3840, 2007 U.S. Dist. LEXIS 95972, *12 (N.D. Ill. Dec. 5, 2007).

### 2. *Commonality*

With regard to the commonality requirement, it "requires the plaintiff to demonstrate that the class members have suffered the same injury. This does not mean merely that they have all suffered a violation of the same provision of law . . . . Their claims must depend up on a common contention[.]" *Dukes*, 564 U.S. at 350. Moreover, "[t]hat common contention . . . must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* (internal citations and quotations omitted).

### B. Motions to Strike Pursuant to Rules 23(c)(1)(A) and 23(d)(1)(D)

Rule 23(c)(1)(A) provides that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). Pursuant to Rule 23(d)(1)(D), "[i]n conducting an action under this rule, the court may issue orders that . . . require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly[.]" Fed. R. Civ. P. 23(d)(1)(D). A motion to strike made pursuant to these provisions "is an appropriate device to determine whether the case will proceed as a class action." *Wright v. Family Dollar, Inc.*, No. 10C4410, 2010 U.S. Dist. LEXIS 126643 at *3 (N.D. Ill. Nov. 30, 2010). Where "the plaintiff's class allegations are facially and inherently deficient," a motion to strike is an appropriate mechanism at the pleadings stage. *Buonomo v. Optimum Outcomes, Inc.*, 301 F.R.D. 292, 295 (N.D. Ill. 2014).

In determining whether to strike the class allegations, courts recognize that the pleadings themselves may facially demonstrate that the claims asserted are inappropriate for class treatment. *In re Yasmin & Yaz*, 275 F.R.D. 270, 274 (S.D. Ill. 2011)(granting motion to strike after finding "facial deficiencies" in the class actions). In such a situation, classwide discovery is unnecessary, and the court should strike the class allegations. *Wright*, 2010 U.S. Dist. LEXIS 126643 at *4 (stating "when the defendant advances a legal argument based on the pleadings, discovery is not necessary for the court to evaluate whether a class action may be maintained"). Plaintiffs bear the burden of demonstrating that the proposed class meets the requirements of Fed. R. Civ. P. 23 "[e]ven when the defendant initiates the court's review of the class allegations" through a motion to strike. *Id.* at *5. Failing to satisfy even one of the elements of Fed. R. Civ. P. 23 will preclude class certification. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006).

### III.    ARGUMENT

**A.    This Court Should Strike Plaintiff's Class Allegations**

Shaver cannot meet the numerosity, commonality, or typicality requirements of Rule 23(a) and pursuant to Rules 23(c)(1)(A) and 23(d)(1)(D) the class cannot be certified and should be stricken. Unambiguously, to obtain class certification under Rule 23, a plaintiff must satisfy the requirements of Rule 23(a) – numerosity, commonality, typicality, and adequacy of representation – and one subsection of Rule 23(b)." *Buonomo*, 301 F.R.D. 292, *citing Harper v. Sheriff of Cook County*, 581 F.3d 511 (7th Cir. 2009). "A plaintiff seeking class certification has the burden [of] proving that the proposed class meets the four requirements [of Rule 23(a)]." *Wolfkiel*, 303 F.R.D. 287. "Failure to meet ***any*** of [Rule 23's] requirements precludes class certification." *Buonomo,* 301 F.R.D. 292, *citing Harper*, 581 F.3d 511 (emphasis added). Here, Plaintiff's class allegations fail

6

to meet multiple requirements and are "facially and inherently deficient." *Buonomo*, 301 F.R.D. at 295.

### 1. The Class Is Overbroad

The proposed class is overbroad and reaches far beyond the scope of GIPA's prohibition. The class defined by Plaintiff includes job applicants from whom Defendant "obtained" genetic information. GIPA does not prohibit an employer from merely "obtaining" employees' family medical history. 410 ILCS 513/25(c)(1). As such, the class cannot include applicants whose records were merely "obtained".

The remaining categories of class members are not limited to requests made as a condition of employment. As such, they, too, fall beyond the reach of GIPA.

### 2. Plaintiff Cannot Adequately Represent the Class

In the proposed class, Plaintiff seeks to represent a statewide class of job applicants who have no relationship to her or her employment with Defendant. Defendant does not own or operate Buchheit Logistics, Buchheit Metals, and Buchheit Agriculture, and neither Plaintiff nor Defendant have any relation to its employees. Also, Plaintiff has no relation to employees at the Jacksonville store who applied for less physically demanding jobs. Furthermore, Plaintiff has no relation to employees of other stores (such as the stores in Sparta, Centralia, and Greenville). Plaintiff never worked with the individuals at those stores and has no idea if those stores (1) requested that applicants appear for functional employment tests, or (2) if Defendant or its agent requested information about their applicants' family medical history. There is no suggestion that Plaintiff worked with the other class members or did similar to work to them. Plaintiff attempts to represent a class of individuals that is wholly unrelated to her. This is improper and insufficient under Rule 23.

Moreover, due to the overly broad definition and lack of relation to Plaintiff, she cannot conceivably provide a precise or objective definition as required by Rule 23. Accordingly, the Complaint fails to satisfy *Dukes*, which provides the touchstone analysis for class actions. 564 U.S. 338. Preliminarily, Plaintiff's failure to incorporate an appropriate class definition operates as an insurmountable bar to satisfying the explicit requirements of Rule 23: "[w]hen a class definition is not precise or objective, Rule 23's requirements of commonality, typicality, predominance and superiority cannot be met." *Burns*, No. 04C7682, 2006 U.S. Dist. LEXIS 92159, *11 (N.D. Ill. Dec. 19, 2006). Thus, without considering any individual certification requirements, the Complaint already fails as a class action.

      **a.**    **Plaintiff Cannot Meet the Numerosity Requirement**

Nevertheless, a rigorous, Rule 23 analysis, as *Dukes* requires, 564 U.S. at 350, bolsters the apparent deficiencies of Plaintiff's Complaint, particularly regarding numerosity and commonality. To fulfill the burden of establishing numerosity, Plaintiff "cannot rely on conclusory allegations that joinder is impractical or on speculation as to the size of the class in order to provide numerosity." *Elliott*, 2000 U.S. Dist. LEXIS 2697, *21. But that is precisely what Plaintiff attempts here (Complaint, ECF No. 1-1 ¶ 33)(Motion for Class Certification, ECF No. 1-3 p. 2 ¶ 3.) Plaintiff merely alleges that the total number of members is "substantial, believed to amount to hundreds". (ECF No. 1-1 ¶ 33.) In the Complaint, Plaintiff does not clarify any objective measure of the number of members in the class or any way to determine the same. Strangely, Plaintiff claims a substantial number of class members, 47,877 to be exact, in her Motion for Class Certification, but the citation in support is entirely unsubstantiated. (ECF No. 1-3 p. 2 ¶ 3)(Plaintiff cites to a paragraph in the Complaint that does not exist.) The proposed class is far too broad and undefined to properly determine the number of potential members. It is not apparent from the four corners of the Complaint

that the individuals in the class during the undefined time period share some or all of the proposed class representative's alleged injuries. In sum, because there are simply no cognizable numerosity allegations and contradictory representations, the class allegations are inherently deficient. *See Dukes*, 564 U.S. at 350 (requiring plaintiffs to "be prepared to prove that there are *in fact* sufficiently numerous parties")(emphasis in original).

### b.     Plaintiff Cannot Meet the Commonality Requirement

The commonality allegations are similarly deficient. First, to establish commonality, the class representative must demonstrate that members of the class "have suffered the same injury." *Koss v. Norwood*, 305 F. Supp. 3d 897, 917 (N.D. Ill. 2018). However, the commonality requirement "demands more than a showing that the class members 'have all suffered a violation of the same provision of law' at the hands of the same defendant." *Ferris v. Transworld Systems*, No. 16C3703, 2018 U.S. Dist. LEXIS 17521, at *11 (N.D. Ill. Jan. 31, 2018); *see also Suchanek v. Sturm Foods, Inc*., 764 F.3d 750, 755 (7th Cir. 2014)(quoting. *Dukes*, 564 U.S. at 358). Rather, the plaintiff must show that **"*the same conduct or practice by the same defendant*** gives rise to the same kind of claims from all class members. . . ." *Suchanek,* 764 F.3d at 755. (emphasis added). Moreover, "[S]uperficial common questions—like whether . . . each class member suffered a violation of the same provision of law—are not enough." *Jamies S. v., Milwaukee Public Schools*, 668 F.3d 481, 497 (7th Cir. 2012).

Here, Plaintiff cannot represent the proposed class as she fails to meet the commonality requirement on all accounts. First, Plaintiff cannot demonstrate that the members of the class have suffered the same injury because she has no relationship to the proposed, but vaguely defined, members. Also, she does not and cannot know what injury, if any, the individuals in the proposed class suffered because the class is excessively broad and would involve different businesses which

9

may have drastically different procedures or rules related to functional employment tests that there is not a similar injury to assert. In that regard, Plaintiff fails the commonality requirement because the conduct related to the overly broad class would involve conduct or practices not by different stores with different management that implements functional employment tests and employment hiring practices differently.

Additionally, in direct contradiction to the holding of *Milwaukee Public Schools,* Plaintiff's alleged "common question" is exactly the type of superficial questions that are insufficient to prove commonality. For example, Plaintiff asserts to meet the commonality requirement based on a regurgitation of various requirements of GIPA. (ECF No. 1-1 ¶ 34.) Based on the opinions from the *Milwaukee* and *Duke* decisions, superficial common questions (such as whether each class member "suffered a violation of the same provision of law") are not enough. *Milwaukee Public Schools*, 668 F.3d at 497; *Dukes*, 131 S. Ct. at 2551. Beyond the clear lack of common injury between Plaintiff and the overly broad, poorly defined class, the proposed class also fails to satisfy Rule 23(a)(2)'s commonality prerequisite, which requires that the class claims involve "questions of law or fact common to the class." Fed. R. Civ. P. 23(b)(3).

        **c.**        **Plaintiff Cannot Meet the Typicality Requirement**

Plaintiff also fails to meet the typicality requirement which is closely related to commonality. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). For typicality, the class representative must be a member of the proposed class. *Murray v. E*Trade Financial Corp.*, 240 F.R.D. 392, 397 (N.D. Ill. 2006). An evaluation of typicality under Rule 23(a)(3) requires that the Court consider whether the class representative's claim is typical of those of the class. *Id.* When faced with an overbroad class definition, courts may deny certification for want of typicality. *Ruiz v. Stewart Associates*, 167 F.R.D. 402, 405 (N.D. Ill. 1996).

Aside from the reasons previously referenced, the alleged "injuries" within the overly broad class may be vastly different. For example, Plaintiff seeks to pursue claims in which Defendant's alleged GIPA violations were negligent, reckless, **and** intentional—three different levels of misconduct of which only one will apply to Plaintiff's claim. If it is determined that Defendant violated GIPA, which it vehemently denies, then there may be different reasons and circumstances for different people at different locations to have engaged in the violative conduct. Some may be unrelated to employment. Some may have been obtained through solicitation. Some may have required the job candidate disclose the information. Some may merely have requested it. Others may have purchased it. Some applicants may have volunteered it. The typicality requirement demands that the claims "arise from the same events" which does not apply here. Thus, Plaintiff's alleged injuries are not "typical" of the class.

The Complaint is facially and inherently defective when it comes to the proposed class. Plaintiff's Complaint does not contain an appropriate class definition and the class allegations do not withstand the rigorous analysis *Dukes* requires in regard to numerosity, commonality, and typicality. With the Complaint's class allegations so visibly and verifiably deficient, this Court should strike them pursuant to Rules 23(c)(1)(A) and 23(d)(1)(D).

## IV.    CONCLUSION

WHEREFORE, Defendant Buchheit Enterprises, Inc. respectfully requests that this Honorable Court grant its Motion to Strike the class allegations in Plaintiff's Complaint (ECF No. 1-1) and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

*s/ Lee J. Karge*
Lee J. Karge, ARDC No. 6257929
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
7777 Bonhomme Ave., Suite 1900
St. Louis, MO 63105
314-930-2860 (Phone)
314-930-2861 (Fax)
Lee.karge@wilsonelser.com
***Attorneys for Buchheit Enterprises, Inc.***

## CERTIFICATE OF SERVICE

I certify that on February 19, 2025, I electronically filed the foregoing document which is available to view and download from the Court's CM/ECF system, that service on all counsel of record who are registered CM/ECF users will be accomplished by the CM/ECF system, and that a copy of the foregoing was served by electronic mail upon the following counsel of record:

Carl V. Malmstrom
Wolf Haldenstein Adler Freeman & Herz LLC
111 W. Jackson Blvd. Suite 1700
Chicago, IL 60604
312-391-5059 (O)
212-686-0114 (F)
malmstrom@whafh.com
***Local Counsel for Plaintiff & Putative Class***

Julie Holt
Hedin LLP
1395 Brickell Ave., Suite 610
Miami, FL 33131
305-357-2107 (O)
305-200-8801 (F)
jholt@hedinllp.com
***Counsel for Plaintiff & Putative Class***
***Pro Hac Vice Application Forthcoming***

/s/ *Lee J. Karge*