# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | |
|---|---|
| JASON SHAVER, on behalf of herself and all others similarly situated, ) ) ) | |
| Plaintiff, ) | Case No. 3:25-cv-3043-SEM-EIL |
| ) | |
| v. ) | Judge: Hon. Sue Myerscough |
| ) | Magistrate: Hon. Eric Long |
| BUCHHEIT ENTERPRISES, INC., ) ) ) | |

### REPORT OF RULE 26(f) PLANNING MEETING

COME NOW the Parties and for their Report of Rule 26(f) Planning Meeting state as follows:

### BACKGROUND

On behalf of herself and a similarly situated class, Plaintiff alleges in a single count Complaint that her former employer, Buchheit Enterprises, Inc., violated the Illinois Genetic Information Privacy Act ("GIPA"), 410 ILCS 513/1 et seq., when it allegedly required Plaintiff to submit to a functional employment test at which time Defendant purportedly required that Ms. Shaver disclose her "genetic information" as a condition of employment at Defendant's store in Jacksonville, Illinois. (ECF No. 10.) Defendant asserts that the functional employment test was performed by a nonparty healthcare provider. Plaintiff claims that she disclosed her family history of diabetes, heart disease, kidney disease, and other medical conditions. She claims Defendant failed to advise Plaintiff of her right not to disclose this information.

Defendant denies that it asked Plaintiff for genetic information, denies that Plaintiff has stated a claim for a GIPA violation, and denies that it violated GIPA. Defendant also asserts that Plaintiff's claim is barred in whole or in part because any alleged direct or indirect request for genetic information falls within GIPA's inadvertence exception. 410 ILCS 513/25(g). To the extent that Plaintiff alleges that any of Defendant's employees, agents, or vendors acted in an unlawful manner, Defendant claims that such conduct, if it occurred, was outside the scope of that individual's employment or contractual relationship with Defendant and was undertaken without the knowledge or consent of Defendant.

For the Class, Plaintiff alleges Defendant operated at least three (3) other stores in Illinois. She seeks to certify a class consisting of all people from whom Defendant or its unspecified agent solicited, requested, or required family medical history or other genetic information as a condition of applying for employment. (ECF No. 10 ¶ 32.) Along with its denial of the putative Class claims, Defendant also denies that class action treatment is proper including that Plaintiff cannot plead or prove a class action, that Plaintiff will be unable to certify a class of

similarly situated individuals, and that Plaintiff will be unable to satisfy the requirements of Rule 23.

### JOINT REPORT AND PROPOSED SCHEDULING AND DISCOVERY ORDER

Pursuant to FED. R. CIV. P. 26(f), an initial conference of the parties was held on March 13, 2025, with attorneys Julie Holt appearing for Plaintiff and Lee Karge appearing for Defendant. Scheduling and discovery plans were discussed and agreed to as follows:

1. **Initial Disclosures**

The Parties will exchange initial disclosures pursuant to FED. R. CIV. P. 26(a)(1)(A) by April 28, 2025.

2. **Confidentiality and/or Protective Orders**

The Parties shall agree to a Qualified HIPAA Protective Order applicable to Jason Shaver's protected health information and move to entry of said Order by April 28, 2025.

The Court will consider requests for Confidentiality Orders if warranted or if agreed upon by the Parties.

3. **Initial Discovery**

The Parties agree to prioritize initial discovery efforts on the claim of the individual Plaintiff as follows:

    a.    The Parties shall subpoena records related to the functional employment test of Ms. Shaver from the provider by May 1, 2025.

    b.    The Parties may serve initial written discovery after May 31, 2025.

4. **Depositions**

The Parties may proceed with depositions after May 31, 2025. Due to the nature of this case, the Parties are exempted from compliance with Federal Rule of Civil Procedure 30(a)(2)(A) (the 10-deposition limit).

6. **Amended Pleadings**

The deadline for amendment of pleadings is September 15, 2025.

**7.     Joinder & Third-Party Actions**

The deadline for joining additional parties is <u>October 1, 2025</u>.

**8.     Experts**

Plaintiff(s) shall disclose experts (including Class Certification experts) (a) pursuant to Rule 26(a)(2)(B) and provide said expert reports, and (b) pursuant to Rule 26(a)(2)(C) by <u>January 16, 2026</u>. Plaintiff(s) shall make Rule 26(a)(2)(B) experts available for deposition by <u>March 2, 2026</u>.

Defendant shall disclose experts (including Class Certification experts) (a) pursuant to Rule 26(a)(2)(B) and provide said expert reports, and (b) pursuant to Rule 26(a)(2)(C) by <u>April 24, 2026</u>. Defendant shall make Rule 26(a)(2)(B) experts available for deposition by <u>June 17, 2026</u>.

**9.     Discovery Completion**

All discovery, including depositions of experts, shall be completed by <u>July 15, 2026</u>.

**10.    Class Certification**

Discovery prior to Class Certification must be sufficient to permit the Court to determine whether the requirements of Federal Rule of Civil Procedure 23 are satisfied, including a sufficient inquiry into the merits of the case to ensure appropriate management of the case as a Class Action.

Plaintiff(s)' motion for Class Certification shall be filed by <u>August 14, 2026</u>.

Defendant's opposition to Class Certification shall be filed within thirty (30) days of Plaintiff(s)' motion.

Plaintiff(s)' reply shall be filed within fifteen (15) days of Defendant's opposition.

The Class Certification hearing, if any, will be set by separate notice.

If the Class is certified, the Court will schedule an additional conference with the Parties to address entering a new discovery order, addressing any additional merits discovery needed as necessary.

**11.    Dispositive Motions**

    Dispositive motions shall be filed by <u>November 13, 2026</u>. Subsequent briefing shall be governed by Local Rules.

| | |
|---|---|
| Respectfully submitted, | */s/ Carl V. Malmstrom*<br>Carl V. Malmstrom, ARDC No. 6295219<br>**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC**<br>111 W. Jackson Blvd. Suite 1700<br>Chicago, IL 60604<br>Tel: (312) 984-0000<br>Fax: (212) 686-0114<br>malmstrom@whafh.com<br>*Local Counsel for Plaintiff and Proposed Class* |

Julie Holt
**HEDIN LLP**
1395 Brickell Ave., Suite 610
Miami, FL 33131
305-357-2107 (O)
305-200-8801 (F)
jholt@hedinllp.com
*Counsel for Plaintiff & Proposed Class*
*Admission Forthcoming*

*/s/ Lee J. Karge*
Lee J. Karge, ARDC No. 6257929
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
7777 Bonhomme Ave., Suite 1900
St. Louis, MO 63105
314-930-2860 (Phone)
314-930-2861 (Fax)
lee.karge@wilsonelser.com
*Counsel for Defendant*